EUGENE M. KEELEY *et al.*

*v.*

EDWARD O. SAYLES.

*Opinion filed October 24, 1905.*

1. DEEDS—*when equity will cancel deed as to part of property
conveyed.*  Where, by fraud or mistake, a deed executed in accord-
ance with a contract of sale is made to cover property not men-
tioned in the contract nor intended by the grantors to be conveyed,
and for which no consideration other than that fixed in the con-
tract for the smaller tract was paid, a court of equity has power to
reform the deed by decreeing that it be canceled as to the property
not intended to be conveyed.

2. LACHES—*delay of less than a year after discovering mistake
is not laches.*  A delay of less than a year, after discovering the
mistake, in filing a bill to reform a deed conveying property not in-
tended to be conveyed under the contract in accordance with which
the deed was executed, is not *laches.*

3. FRAUD—*when rule requiring party to be put in statu quo does
not apply.*  Where the only consideration for a deed is the exact
amount fixed by a contract for the sale of a small tract of land,
whereas the deed, by fraud or mistake, was made to also cover a
larger tract, the grantor, on seeking cancellation of the deed as to
the larger tract, need not offer to put the grantee *in statu quo,* since
the rule has no application in such case, there being no considera-
tion paid for the larger tract.

APPEAL from the Circuit Court of Lake county; the
Hon. C. H. DONNELLY, Judge, presiding.

In this case the original bill was filed on August 13, 1903,
and the amended bill on October 12, 1903.  The amended
bill, filed by the appellee, Edward O. Sayles, in the circuit
court of Lake county sets forth the execution of a deed by
appellee and his wife to the appellant, Eugene M. Keeley,
on December 22, 1900, and prays that said deed may be set
aside, so far as it conveys a part of the premises therein de-
scribed, as a cloud upon the title of appellee, and that said

deed may be delivered up to be canceled as to said premises. The bill also prays for "such other and further relief in the premises as equity may require, and to your honor may seem meet." The appellants, Eugene M. Keeley and J. E. Kinsella, were made defendants to the bill, and answered the same, denying the material allegations thereof. When the cause was at issue, it was referred to a master in chancery, who took testimony and reported his conclusions. Exceptions to the report were overruled, and the court entered a decree granting the relief prayed by the bill. The present appeal is prosecuted from such decree.

M. HENRY GUERIN, for appellants.

CHARLES WHITNEY, and WILLIAM C. UPTON, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The appellee owned a small piece of ground, amounting to eighty-three hundredths of an acre in quantity, being in the shape of a V or flat-iron, east of the Chicago and Milwaukee railroad, and adjoining certain property, known as P. J. Clark's seventy-five acres, which afterwards became the property of the appellant, Keeley, or the ice company, in which Keeley and Kinsella were interested, and of which Kinsella was the president. On September 7, 1899, Kinsella, accompanied by a witness named Howard, visited appellee and his wife at their residence in Lake county with reference to the purchase of this piece of land, containing about eighty-three hundredths of an acre. It lay between the ice houses or ice house of the appellants and the railroad, and was desired by them for the purpose of connecting their ice house property with the railroad. A written contract, dated September 7, 1899, was executed which provided that Kin-

sella, as party of the first part, had entered into an agreement with Mr. and Mrs. E. O. Sayles, as party of the second part, to purchase a tract of land east of said railroad, and adjoining said Clark property, and recites that the party of the first part paid over to the party of the second part the sum of $25, and agreed to pay the party of the second part $200.00 an acre for said parcel of land, described in the agreement as a V lying between the main track and the switch. The contract also provided that the purchase money was to be paid equally to Mr. and Mrs. Sayles, and the transfer to be made as soon as the property was surveyed, the party of the second part to give clear title. The contract was signed by Edward O. Sayles, Betsey Jane Sayles, and J. E. Kinsella, and witnessed by Edson C. Howard.

Appellee also owned, in addition to the tract of land already mentioned, another piece of land, containing about 10.87 acres, adjoining the first piece already described. On December 22, 1900, the appellant, Kinsella, a notary public by the name of Alexander Tweed; and one Peter J. O'Sullivan, the latter being conceded to have been an agent of the appellant, Eugene M. Keeley, called at the house of Mr. and Mrs. Sayles, and presented to them for execution a deed. Sayles and his wife supposed that this deed conveyed only the first tract, containing eighty-three hundredths of an acre, and that its execution was asked because of the contract of September 7, 1899, and in order to carry out the same. They signed the deed, and acknowledged it before Tweed, and it was recorded on December 24, 1900. It was subsequently ascertained by the appellee, Sayles, that the deed not only conveyed the tract of eighty-three hundredths acres, but also the tract of 10.87 acres. The proof is quite clear that appellee and his wife never intended to convey the larger tract of 10.87 acres, but only intended to convey the smaller tract of eighty-three hundredths of an acre. It is difficult to see how the insertion of the description of the larger tract in the deed was not the result either of fraud or mistake.

When the contract was made on September 7, 1899, by Kinsella for the purchase from Sayles and his wife of the tract of eighty-three hundredths of an acre, the purchase was made upon the basis of a valuation of $200.00 per acre, and $25.00 only was paid in cash. The purchase price, therefore, for the eighty-three hundredths of an acre was $166.00, and, after taking out the $25.00 paid in cash, there remained due upon the purchase price the sum of $141.00.

The proof shows that the appellee was an ignorant man, able to write his name, but not able to read except words of one syllable. His wife and daughter were present when the deed was executed, but the proof shows that the former did not read all of the description in the deed. While Kinsella and Tweed and O'Sullivan were present in the house of Sayles on the night of December 22, 1900, Kinsella stated that $25.00 had already been paid upon the contract, and thereupon the remaining $141.00 was paid over, one-half of it to Sayles, and the other half to his wife. The amount thus paid was the exact consideration, which, by the contract of September, 1899, was to be paid for the smaller tract. No other money was paid by either of the appellants to the appellee for the second tract. No contract was ever made by Kinsella or Keeley for the purchase of the larger tract from Sayles and his wife. No conversation was ever had between them in reference to the sale or purchase of the larger tract until after the execution of the deed of December, 1900. It is not claimed, as we understand the evidence, on the part of the appellants, that they ever paid a cent for the second or larger tract. The relief granted, therefore, was merely a reformation of the deed by leaving out of it what was improperly in it and what was never paid for by any portion of the consideration, which passed between the parties.

Counsel for appellants says that one, who seeks to rescind a contract or deed, must put or offer to put the other

party *in statu quo.* It was unnecessary here for Sayles to offer to pay anything to Keeley or Kinsella, because they were entitled to receive nothing, as no part of the consideration paid included or had reference to the larger tract. The doctrine, that a vendor, who seeks the aid of a court of equity to rescind a contract of sale, must restore, or offer to restore, the cash payment that has been made, has no application here, because no cash payment was made for the larger tract.

It is furthermore said by the appellants that, when Kinsella made the contract for the purchase of the land, he made it for himself and not for Keeley. The evidence, however, shows that Keeley and Kinsella were both interested in the ice company, which desired the use of the land owned by Sayles. The property, upon which the ice house stood which was to be connected with the railroad by a right of way over the Sayles property, was owned by Keeley. O'Sullivan, who went with Kinsella and Tweed to obtain the deed, was the agent of Keeley, and stated that he went to procure the deed at the request of Keeley. There is no evidence that this contract was ever assigned by Kinsella to Keeley, but the contract was referred to by the parties when the deed was made, and Kinsella stated, when the sum of $141.00 balance of the purchase money was paid, that $25.00 had already been paid upon the contract. In other words, the conduct of the parties, and all that was said and done by them on the night of December 22, 1900, when they procured the deed, showed that the contract and the deed were both executed and procured in the interest of Keeley, as well as of Kinsella.

It is charged that the appellee was guilty of *laches* in not filing the present bill sooner than he did. The discovery of the mistake or fraud, by which the description of the larger tract was inserted in the deed, was not made by Sayles until about September, 1902, and the original bill in this case

217—38

was filed on the 13th day of August, 1903, within less than a year. Under the circumstances, we are of the opinion that the appellee was not guilty of *laches*.

The proof does not show that these ignorant people were guilty of any lack of prudence or care in examining the deed when it was executed. The parties who came to them for a deed, used language, which led them to believe that they were executing a deed in pursuance of a contract already executed by them in good faith. It was not a case where a party was asked to execute a deed as an original transaction, but where a deed was asked for in execution of a contract previously entered into, and upon which money had already been paid. They were, therefore, not upon their guard, and not prepared to believe that any deception was intended.

Without further discussion of the evidence, we are satisfied that the decree of the court below was correct, and fully sustained and justified by the evidence in the case.

Accordingly, the decree of the circuit court of Lake county is affirmed.

*Decree affirmed.*