(54 Misc. Rep. 379)

## MUTUAL TRUST CO. OF WESTCHESTER v. POLYMERO et al.

(Supreme Court, Special Term, New York County. May, 1907.)

EJECTMENT—EQUITABLE DEFENSES.

　　Where a conveyance by mistake fails to describe the whole lot intended to be conveyed, and is followed by an entry and possession of the entire premises by the grantee under claim of title for more than 20 years, it transfers the title and whole lot intended to be conveyed, and the grantee and those claiming under him may defend ejectment against him without previous resort to a suit to reform the deed.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Ejectment, § 110.]

Action in ejectment by the Mutual Trust Company of Westchester, substituted trustee under the will of John F. Gray, deceased, against Demetri P. Polymero and others. Judgment for defendants.

Dexter, Osborne & Gillispie (Stanley W. Dexter, of counsel), for plaintiff.

Ward, Hayden & Satterlee (J. Langdon Ward, of counsel), for defendants.

GUY, J. This is an action of ejectment, brought by the plaintiff to recover possession of an irregular interior parcel of land, about 15 feet square, situated between Forty-First and Forty-Second streets and Madison and Fourth avenues, in the borough of Manhattan. Plaintiff claims title as successor to Benjamin Knower, executor and trustee of John F. Gray, deceased, who, it is alleged, derived his title

by purchase of certain property under foreclosure and by conveyances executed from Edward Livermore and the heirs of Jane H. Livermore and William T. Livermore.

The common source of title was Sarah Burr, the owner of a large piece of property adjacent to and including the premises in dispute, and who, in October, 1866, conveyed to Ann Livermore, wife of Edward Livermore, a parcel 25 feet by 100 feet, including the disputed premises. In November, 1866, Ann Livermore and husband conveyed a part of the said parcel, 20 feet 6 inches by 52 feet, to Jane Livermore (not including the disputed premises), and a mortgage covering said plot of 20 feet 6 inches by 52 feet was in February, 1874, executed by Jane Livermore and husband to Benjamin F. Gray. Foreclosure proceedings were subsequently instituted in 1879 by the said Gray, as a result of which said premises were conveyed to Gray by the referee under foreclosure. The description contained in the complaint in the foreclosure proceedings and the referee's deed covered only 20 feet 6 inches by 52 feet and did not include the disputed premises. Meanwhile by a series of conveyances Edward Livermore had become vested with title to the disputed premises, as well as to property immediately contiguous thereto, fronting on Forty-Second street, and by deed from Jane Livermore and husband, dated the 25th day of February, 1874, had become the owner of the premises fronting on Forty-First street, subject to said mortgage.

Edward Livermore, in or about the year 1876, erected a structure known as the "Devonshire Hotel" on the property fronting on Forty-Second street, and at the same time erected on land in the rear thereof an extension which connected the Hotel Devonshire with the property fronting on Forty-First street. In 1878 Edward Livermore and Ann, his wife, executed and delivered a deed to Wright E. Post, which, though in form a deed, was subsequently adjudicated to be in effect a mortgage. The description in said deed did not include the disputed premises. In 1880 a deed was executed by Edward Livermore and Ann Livermore to Post, conveying the same premises under the same description as contained in the deed of 1878. It is contended by the defendants that it was intended by the said deed to convey all property then owned by Edward Livermore between Forty-First and Forty-Second streets and Fourth and Madison avenues that was covered by the walls from Forty-Second street to the mortgage line of the Forty-First street property, the north line; but by an error in description the deed omitted to include the disputed premises. In 1879, subsequent to the conveyance to Post in 1878, which was in effect a mortgage, Edward Livermore leased to one Robinson "the premises known as the 'Hotel Devonshire,' * * * and also the house known as 'No. 41 East Forty-First Street,' in the rear and connecting with the hotel aforesaid, for five years from May 1, 1879, at the yearly rental of $5,000," said lease containing the following provision:

"And it is further mutually agreed that this lease is taken by the said Robinson with knowledge that a mortgage on said premises on Forty-First street is in process of foreclosure, and in case said premises are sold under said foreclosure proceedings during said term, so that this lease shall, as to said premises on Forty-First street, be at an end by reason of said fore-

closure, then and in that case it is agreed that the above rent reserved to be paid by the said Robinson, shall be abated to the extent of $1,500 a year from and after the time said premises on Forty-First street shall by operation of said foreclosure and sale be excluded from operation of this lease, and said Robinson shall take his chances of renting the same from the purchaser."

Foreclosure proceedings were begun in 1879, and on May 12, 1879, one Benjamin Knower was appointed receiver of the rents of the mortgaged premises, and thereafter, from February 1, 1880, until May 17, 1882, collected and received the same from the tenant at the rate of $1,500 per year. The rent for the Hotel Devonshire and the contiguous property, other' than that covered by the mortgage and known as "No. 41 East Forty-First Street,"·was, during the pendency of the lease to Robinson and of subsequent leases made by the said Post to one Hasey and one Cauchois, collected by the defendant Post; said Edward Livermore having, on May 20, 1879, assigned to Post all his right, title, and interest in the lease to Robinson. In 1881 judgment was entered against Edward Livermore and Ann Livermore, in favor of Benjamin F. Gray, for $12,053.12. By deed dated May 4, 1882, by George Putnam Smith, referee in the foreclosure suit, to John F. Gray, Gray became vested with title to the premises covered by the said mortgage, namely, the premises 20 feet 6 inches by 52 ·feet fronting on Forty-First street. Gray subsequently died, and letters testamentary were issued to Benjamin Knower.

In January, 1884, an action was begun by said Knower, as executor, against the defendant Post and others, in which the complaint set up the above-mentioned judgment and alleged that the' deeds made to Post in 1878 and 1880 by Edward and Ann Livermore were in fraud of creditors, and prayed judgment that they might be so adjudged and a sale of the property ordered, etc. On June 24, 1885, judgment was duly entered in said action, adjudging, among other things, that both the above-mentioned deeds were executed for a good,. valid, and sufficient consideration, ·and that by deed of August 27, 1880, title to the premises therein described vested absolutely in the defendant Post; and the complaint was dismissed, with costs. On February 21, 1884, Post leased to one Hasey the premises No. 30 East Forty-Second street, etc., "with the appurtenances," for five years, at the yearly rental of $5,500. On June 3, 1884, Knower, as executor, leased to Hasey the premises known as No. 41 East Forty-First street, for five years, from the 1st day of May, 1884, at the yearly rent of $1,500, the same amount that the rental was to be abated in the Robinson lease, in the event of the foreclosure of the said premises. Hasey remained as tenant of both properties down to 1899.

On January 24, 1898, the defendant Post leased to one Cauchois, for the term of 10 years, "the premises at No. 30 East Forty-Second street, etc., with the appurtenances." Between April 19 and 28, 1899, the defendant Post caused to be built a brick wall, which constitutes the rear wall of the Hotel Devonshire, across the northerly line of the premises conveyed to Gray by the referee in foreclosure, until it joins the westerly wall, closing all communication between the Hotel Devonshire and No. 41 East Forty-First street. This wall is upon the disputed premises. On August 8, 1899, Edward Livermore executed

to Benjamin Knower a quitclaim deed of the premises in dispute; and in the same year deeds were executed by all the heirs at law of Jane F. and William T. Livermore to Knower, executor, covering the disputed premises.

The evidence establishes that, from 1879 down to the time of the erection of said wall in 1899 by the defendant Post, the various lessees, Robinson, Hasey, and Cauchois, were in continued possession of and continuously used said rear building, which had been erected upon the disputed premises, in connection with the Hotel Devonshire, without interruption on the part of the plaintiff or plaintiff's predecessors in title, and without any assertion of ownership by them over the disputed premises or the building so occupied by said tenants. In the determination of the questions involved herein, I have disregarded the testimony of the witnesses called on behalf of the defendants as to the intent of the parties in making the conveyance from Edward Livermore and wife to the defendant Post in 1880. The acts of the parties themselves, subsequent to the execution of said deed, are convincing in character and clearly show the intent of the parties in making such conveyance.

The evidence fully establishes that, immediately following the execution of said deed, the defendant Post went into possession of the disputed premises in connection with the property known as the "Hotel Devonshire"; that he continued in uninterrupted possession thereof for more than 20 years, and asserted undisputed ownership and control over the same; that said claim of ownership by the defendant Post was manifested by something more than a substantial inclosure, namely, by the actual occupancy of a building erected thereon and by the leasing of said building and collecting the rents therefor; that such assertion of ownership on the part of the defendant Post was acquiesced in by the plaintiff and plaintiff's predecessors, as evidenced, not only by their failure to assert ownership over said premises, but by the subsequent execution of a lease to the tenant of said disputed premises, in which lease the plaintiff's claim of ownership was limited to the premises 20 feet 6 inches by 52 feet, fronting on Forty-First street, covered by the description in the mortgage before referred to and by the referee's deed under foreclosure. The complicated character of the various conveyances which had been made of irregular pieces of property contiguous to the disputed premises, prior to 1878, affords a reasonable explanation for the failure to correctly and fully describe the premises intended to be conveyed by Edward Livermore and wife to the defendant Post by deeds of 1878 and 1880; while the relationship of the parties and the circumstances under which the conveyances were made justify the conclusion that it was the intent of said Edward and Ann Livermore to convey, and of the defendant Post to purchase, all of the property belonging to said Livermore, from the Forty-Second street line, including the premises in dispute, to the mortgage line of the Forty-First street property.

I find, therefore, that by said deed from Edward Livermore and Ann Livermore, executed the 25th day of August, 1880, and recorded the 27th day of August, 1880, the said Edward and Ann Livermore

intended to and did convey to the defendant Wright E. Post the premises in question, to wit: Beginning at a point on the northerly side of Forty-First street 52 feet northerly from the north line of said street on a line parallel to the easterly line of Madison avenue, said point being distant 100 feet easterly from the easterly line of Madison avenue on a line drawn parallel with Forty-First street, and running thence northerly, on a line parallel with Madison avenue, 1 foot 10 inches; thence easterly, on a line parallel with Forty-First street, 9 feet 6 inches; thence northerly, on a line parallel with Madison avenue, 13 feet 2 inches; thence easterly, on a line parallel with Forty-First street, 14 feet 6 inches; thence southerly, on a line parallel with Madison avenue, 15 feet; thence westerly, on a line parallel with Forty-First street, 24 feet, to the point or place of beginning. But by a mistake in description they were not so included.

The defendant, however, may set up as a defense in an action of ejectment that the land in question was intended to be conveyed to him by the deed from plaintiff, and, if sustained, it is a good defense. Hoppough v. Struble, 60 N. Y. 430. To quote from above case:

"The reformation of the deed was not necessary to the defense of the action. The same state of facts which would entitle the defendant to a reformation of the deed would establish his equitable right to the possession and would as effectually defeat the action as would the legal title."

The possession of the defendant Post had been actual, exclusive, open, and notorious of the premises in dispute, having leased the said premises and having received the rents thereof under claim of title since the 25th day of August, 1880, a period of more than 20 years prior to the commencement of the action. These facts, together with the additional fact of the equitable title to the disputed premises being in the defendant Post after the delivery of the deed of August 25, 1880, operated as a transfer of the title. Baker v. Oakwood, 123 N. Y. 16, 25 N. E. 312, 10 L. R. A. 387.

Judgment for defendants, with costs.