(March 12, 1917.)

## WILLIAM C. BOWERS, Appellant, v. RICHARD BENNETT, Sr., Respondent.

[164 Pac. 93.]

ESCROW AGREEMENT—MISTAKE—REFORMATION OF CONTRACT — CONDITIONS PRECEDENT—WAIVER OF STRICT PERFORMANCE OF CONTRACT— EVIDENCE.

1. Parol evidence is admissible for the purpose of showing that, by reason of mistake, a written instrument does not truly express the intention of the parties. A mistake of the scrivener whereby he fails to express the agreement of the parties may be corrected.

2. Where the suit to reform the contract is incidental to another action, no prior demand for reformation need be made. This is

especially true where it clearly appears that such a demand would be refused.

3. *Held,* that in this action it was not necessary for respondent to return to appellant the initial payment made upon the purchase price of the land or the interest on deferred payments as a condition precedent to the bringing of the suit for the reformation of the contract.

4. Where time is agreed to be of the essence of a contract for the sale of real estate, the fact that the vendor accepts an interest payment a short time after it is due does not operate as a waiver of promptness in future payments.

5. In this state the law requiring a party to establish his case "beyond a reasonable doubt" applies only in criminal cases and not in a suit for the reformation of a contract, and the case of *Houser v. Austin,* 2 Ida. 204, 10 Pac. 37, so far as it is in conflict herewith, is overruled, and the case of *Panhandle Lumber Co. v. Rancour,* 24 Ida. 603, 135 Pac. 558, approved and followed.

[As to causes and proceedings for reformation of instruments, see note in 65 Am. St. 481.]

APPEAL from the District Court of the Fourth Judicial District, for Elmore County. Hon. Chas. O. Stockslager, Judge.

Action for damages and cross-complaint for reformation of contract. Judgment for defendant. · *Affirmed.*

Richards & Haga and McKeen F. Morrow, for Respondent.

Where there is any substantial evidence to support the findings of the trial court, they will not be disturbed on appeal. (*Smith v. Faris-Kesl Const. Co.,* 27 Ida. 407, 150 Pac. 25; *Bower v. Moorman,* 27 Ida. 162, 147 Pac. 496; *Pomeroy v. Gordan,* 25 Ida. 279, 137 Pac. 888, and cases cited; *Brown v. Grubb,* 23 Ida. 537, 130 Pac. 1073.)

A party seeking reformation of a contract is not required to establish his case beyond a reasonable doubt, and the findings will not be disturbed on appeal, even though the evidence is conflicting. (*Panhandle Lumber Co. v. Rancour,* 24 Ida. 603, 135 Pac. 558; *Sullivan v. Moorhead,* 99 Cal. 157, 33 Pac. 796; *Hutchinson v. Ainsworth,* 73 Cal. 452, 2 Am. St. 823,

15 Pac. 82; *Wilson v. Moriarty,* 88 Cal. 207, 211, 26 Pac. 85; *Home & Farm Co. v. Freitas,* 153 Cal. 680, 96 Pac. 308.)

Parol evidence is admissible to supply terms omitted from writing by mistake, and findings based thereon will be sustained even though the evidence is conflicting. (*Jarrett v. Prosser,* 23 Ida. 382, 130 Pac. 376; 2 Pomeroy Eq. Jur., secs. 858, 859; *Walden v. Skinner,* 101 U. S. 577, 25 L. ed. 963; *Gillespie v. Moon,* 2 Johns. Ch. (N. Y.) 585, 7 Am. Dec. 559.)

The conditions on which a deed or other instrument is deposited in escrow may rest in parol or be partly in parol and partly in writing, and the rule that a written contract must be taken to contain the entire agreement of the parties has no application in such cases. (11 Am. & Eng. Ency. Law, 334; *Gaston v. City of Portland,* 16 Or. 255, 19 Pac. 127; *Stanton v. Miller,* 58 N. Y. 192; *Fred v. Fred* (N. J.), 50 Atl. 776; *Minnesota & Oregon Land & T. Co. v. Hewitt Inv. Co.,* 201 Fed. 752, *Nichols v. Oppermann,* 6 Wash. 618, 34 Pac. 162; *Cannon v. Handley,* 72 Cal. 133, 13 Pac. 315; *Bronx Inv. Co. v. National Bank of Commerce,* 47 Wash. 566, 92 Pac. 380.)

Where a written instrument is drawn and executed which is intended to carry into execution a parol agreement, but by mistake of the draftsman, either as to fact or law, it does not fulfil or violates such oral agreement, equity will correct the writing so that it will conform to the agreement, unless the mistake was wilful or fraudulent on the part of the party seeking reformation. (*Christensen v. Hollingsworth,* 6 Ida. 87, 96 Am. St. 256, 53 Pac. 211; *Panhandle Lumber Co. v. Rancourt,* 24 Ida. 603, 135 Pac. 558; *Jarrett v. Prosser,* 23 Ida. 382, 130 Pac. 376; *Wollan v. McKay,* 24 Ida. 691, 15 Pac. 832; *Lestrade v. Barth,* 19 Cal. 660; *Hathaway v. Brady,* 23 Cal. 121; 24 Am. & Eng. Ency. Law, 646, 20 Am. & Eng. Ency. Law, 823; *Snell v. Insurance Co.,* 98 U. S. 85, 95, 25 L. ed. 52, 56; *Dennis v. Northern Pac. Ry. Co.,* 20 Wash. 320, 55 Pac. 210; *Adams v. Reed,* 11 Utah, 480, 40 Pac. 720; *Chamberlain v. Thompson,* 10 Conn. 243, 26 Am. Dec. 390; *Newcomer v. Kline,* 11 Gill & J. (Md.) 457, 37 Am. Dec. 74.)

Where reformation of a written contract is sought by way of defense in an action thereon or as incidental to other relief

prayed for or other defenses made, no demand on the other party to reform the contract is necessary. (34 Cyc. 944; *Nichols & Shepard Co. v. Berning*, 37 Ind. App. 109, 76 N. E. 776; *Parchen v. Chessman*, 49 Mont. 326, Ann. Cas. 1916A, 681, 142 Pac. 631, 146 Pac. 469; *Jones v. McNealy*, 139 Ala. 378, 101 Am. St. 38, 35 So. 1022; *Johnson v. Sherwood*, 34 Ind. App. 490, 73 N. E. 180; *First Nat. Bank v. Bacon*, 113 App. Div. 612, 98 N. Y. Supp. 717; *Citizens' Nat. Bank v. Jury*, 146 Ind. 322, 43 N. E. 259.)

The general rule seems to be that of the California courts, that demand is never necessary before seeking reformation. (*Danielson v. Neal*, 164 Cal. 748, 130 Pac. 716; *Home & Farm Co. v. Freitas*, 153 Cal. 680, 96 Pac. 308; *Braithwaite v. Henneberry*, 124 Ill. App. 407, 222 Ill. 50, 78 N. E. 34.)

Restoration of the *status quo* is not a condition precedent to reformation. (*Keeley v. Sayles*, 217 Ill. 589, 75 N. E. 567.)

Respondent did not waive the provision of the agreement entitling him to a surrender of the deed on failure to pay the instalment due October 1, 1908. (*Prairie Dev. Co. v. Leiberg*, 15 Ida. 379, 98 Pac. 616.)

Claude W. Gibson, for Appellant.

To sustain the judgment reforming the written escrow agreement, the evidence must be such as to leave no reasonable doubt in the mind of a reasonable court as to what the mistake consists of, what correction should be made, that the mistake was mutual and common to both parties, and that both have done what neither intended, and that the mistake was of both parties. (*Houser v. Austin*, 2 Ida. 204, 10 Pac. 37; *Jarrett v. Prosser*, 23 Ida. 382, 130 Pac. 376; note b to 117 Am. St. 230; *Miller Bros. v. McCall Co.*, 37 Okl. 634, 133 Pac. 183; 34 Cyc. 915.)

Demand for reformation before suit is indispensable. None was made. (34 Cyc. 944; *Axel v. Chase*, 77 Ind. 74; *Black v. Stone*, 33 Ala. 327; *Brainerd v. Arnold*, 27 Conn. 617; *Kessler v. Pruitt*, 14 Ida. 175, 93 Pac. 965.)

Defendant did not put plaintiff *in statu quo,* which was imperative before or when suit for reformation was begun. (*Cassidy v. Metcalf,* 66 Mo. 519, 535; *Keeley v. Sayles,* 217 Ill. 589, 75 N. E. 567; *Youngstown Electric Light Co. v. Butler County Poor Dist.,* 21 Pa. Super. Ct. 95.)

If time was of the essence of the contract, by his actions defendant waived the same. (*Douville v. Pacific Coast Casualty Co.,* 25 Ida. 396, Ann. Cas. 1917A, 112, 138 Pac. 506; *Watson v. White,* 152 Ill. 364, 38 N. E. 902; *Prairie Dev. Co. v. Leiberg,* 15 Ida. 379, 98 Pac. 616.)

MORGAN, J.—This action was commenced by appellant to recover damages for breach of an escrow agreement. He alleges in his complaint, among other things, that on April 5, 1907, respondent executed a deed conveying to him certain land; that he paid part of the purchase price and executed two promissory notes for the balance, one note showing on its face that it was due Oct. 1, 1908, and the other Oct. 1, 1909, and each providing that interest be paid annually; that immediately after the execution of the notes, and on the same day, the parties entered into a written agreement by the terms of which the deed and notes were placed in escrow in a certain bank, the deed to be delivered to appellant upon the condition that the interest upon the notes be paid at the time provided therein, and that the principal be paid on or before Oct. 1, 1909, and if the principal or interest be not so paid, the respondent, at his option, might declare a forfeiture and retain, as liquidated damages, any and all sums paid under the terms of the contract; that on April 24, 1908, he paid the annual interest on the notes, which was due April 5th, and that respondent accepted the same; that on Oct. 1, 1908, he tendered the interest due on the notes and respondent refused to accept it unless the principal of the note purporting on its face to be due Oct. 1, 1908, be paid; that he made another tender Oct. 31st of interest, which was refused for the same reason; that on Nov. 2, 1908, respondent declared the contract forfeited, took the deed from escrow and destroyed it, marked the notes void, gave notice that he considered the contract terminated,

and demanded that appellant vacate the premises; that on March 2, 1909, and July 1, 1909, appellant tendered the whole amount due, principal and interest, but respondent refused to accept the same or convey the premises.

Respondent filed an answer and cross-complaint admitting the execution of the deed, notes and agreement and the placing of the same in escrow, but alleged that prior to the execution of the escrow agreement, he and appellant entered into an oral contract, by the terms of which the notes were to be paid when they became due as shown upon their face, namely, Oct. 1, 1908, and Oct. 1, 1909, and that it was the intention of both parties that the escrow agreement should so provide, but that the scrivener who wrote the agreement, inadvertently and through mistake, failed to incorporate the provisions that the notes should be paid when they matured as shown upon their face, but provided instead that both of them be paid on or before Oct. 1, 1909, and that the parties, through a mutual mistake as to the terms of the written agreement in this respect, signed the same. Respondent denied that appellant had ever made any tender to him of the interest or principal and prayed judgment that the agreement be reformed to conform to the true intent of the parties, that appellant be declared to have been in default since Oct. 1, 1908, and that all sums paid by him be retained as damages.

Appellant answered denying the material allegations of the cross-complaint. By stipulation the case was tried before the judge without a jury. Findings of fact and conclusions of law were made and judgment was thereupon entered in favor of defendant, from which this appeal is prosecuted.

Appellant contends that the court erred in finding that the real agreement was oral and that, through the mistake of the scrivener, the written agreement was made to provide for both notes to be due on or before Oct. 1, 1909, instead of one being due Oct. 1, 1908, and the other Oct. 1, 1909, and that this escrow agreement was signed by both parties under the mutual mistake that it embodied the terms of the oral contract. Appellant testified that there was no oral understanding that one note be paid Oct. 1, 1908, but that both parties,

at the time they signed the written agreement and put it in escrow, understood that both notes were due Oct. 1, 1909. On the other hand, respondent and his son testified, and to some extent they were corroborated by the witness, Watkins, a real estate broker, that there was an oral agreement with appellant that one note be paid Oct. 1, 1908, and that the escrow agreement was to be drawn to that effect, and respondent testified that he had always understood that one note was due a year before the other, and that he had thought the written escrow agreement so provided. Respondent and his son testified that a few days prior to Oct. 1, 1908, appellant met respondent and inquired what he would do if the note was not paid; that he did not consent to an extension of time and that on this occasion no tender was made. This evidence tends to show that appellant himself believed the written agreement provided that one note was due Oct. 1, 1908. Moreover, according to the terms of the written agreement, no interest was due in October, 1908, and appellant's tender during that month has a tendency to show that he understood the agreement to be that one of the notes was due. This is a circumstance which tends to corroborate respondent's testimony.

It is a well-established rule of law that parol evidence is admissible for the purpose of showing that, by reason of a mistake, a written instrument does not truly express the intention of the parties. (17 Cyc. 702, and cases cited in notes 84 and 85.)

"A mistake of the scrivener whereby he fails to carry out the agreement of the parties may be corrected." (34 Cyc. 915, and cases cited in note 82; *Panhandle Lumber Co. v. Rancour,* 24 Ida. 603, 135 Pac. 558.)

Appellant contends that the evidence was insufficient to warrant the findings of the court that there was an oral understanding and a mistake in reducing the same to writing, and cites some authorities, among which is that of *Houser v. Austin,* 2 Ida. 204, 10 Pac. 37, to the effect that before relief can be obtained in the reformation of a written contract, signed through mistake, the evidence must be such as to leave no reasonable doubt in the mind of the court as to what the

mistake was, the real intention, and that the mistake was mutual.

*Houser v. Austin, supra,* is, in effect, overruled in case of *Panhandle Lumber Co. v. Rancour, supra,* wherein the court in construing sec. 4824, Rev. Codes, in substance said that where witnesses have appeared before the trial court and testified, the findings and judgment, upon conflicting evidence, will not be disturbed if there is substantial proof to support them.

The testimony in this case, as to the oral agreement between the parties and as to a mistake having been made in reducing it to writing, is conflicting; but when the rule announced in *Panhandle Lumber Co. v. Rancour, supra,* which is the settled law of this state upon the subject, is applied to the evidence submitted upon that point, we find the proof to be sufficient to sustain the findings of the trial court to the effect that the parties did orally agree that the purchase price should be paid according to the terms of the promissory notes placed in escrow, and that, through mistake of the scrivener, the written contract of escrow did not contain the true agreement. No doubt the trial court had in mind and was governed by the rule that evidence of mutual mistake must be clear, convincing and satisfactory.

The trial court found as a fact that appellant made no tender on March 2, 1909, or at any other time, to pay either principal or interest, except the interest payment in April, 1908, and a deposit in the bank on account of interest made Oct. 31st of the same year, which latter was returned to him by direction of respondent. This finding is assigned as error. There was some testimony tending to show that purchasers were found who were ready, willing and able to buy the property and to pay the amount due to respondent, but neither offer amounted to a tender. That such offers were actually made was disputed and, at most, it constituted a conflict in the testimony, and the evidence upon this point is ample to sustain the findings.

In his brief appellant insists that because, on April 24, 1908, respondent accepted interest due April 5th, he waived

time as being of the essence of the contract. We hold, however, that he waived it in regard only to this payment, but not as to future payments. The authorities cited by appellant in this respect are to the effect that where time is agreed to be of the essence of a contract, but that both parties have, by their course of action, waived a prompt performance, or where one party has permitted the other, for a long time, to become slack in his performance, he cannot suddenly change his course of action after thus lulling the other into a sense of security and declare a forfeiture without notice first that if the other does not promptly perform, the forfeiture will be declared.

In this case appellant, though he did not make the interest payment on the very day it was due, made it in a reasonable time, and respondent had not so acted as to give him the impression that he did not consider time to be of the essence of the contract. (39 Cyc. 1395, and cases cited in note 82; *Prairie Dev. Co. v. Leiberg,* 15 Ida. 379, 98 Pac. 616.)

It is contended by appellant that no demand for reformation was made before suit, and that such demand is necessary. That contention cannot be sustained in this case. Where the suit to reform is incidental to another action, no prior demand need be made. (34 Cyc. 944; *Johnson v. Sherwood,* 34 Ind. App. 490, 73 N. E. 180; *Citizens' Nat. Bank v. Judy,* 146 Ind. 322, 43 N. E. 259; *Earl v. Van Natta,* 29 Ind. App. 532, 64 N. E. 901; *Danielson v. Neal,* 164 Cal. 748, 130 Pac. 716.)

Where a party's conduct plainly shows that a demand would be refused, none need be made, for the reason that the law will not require an idle act to be done. (*Sutherland v. Green,* 49 Mont. 379, Ann. Cas. 1916A, 561, 142 Pac. 636.)

It is insisted that, as a condition precedent to the reformation of the contract, appellant must be placed *in statu quo* by the return to him of the initial payment he made upon the land, together with interest collected from him upon deferred payments, and appellant cites a number of cases in support of this contention, which, however, are not in point, but apply to cases where the plaintiff has received from the other party

some benefit to which he would not be entitled under the instrument as reformed. (*Keeley v. Sayles,* 217 Ill. 589, 75 N. E. 567.)

Appellant relies upon a number of assignments of error which are not discussed herein, for the reason we deem them to be immaterial in view of the conclusion reached that the action of the trial court in reforming the written contract of escrow should be sustained, and that its finding that appellant committed a breach of the contract, as reformed, is fully supported by the evidence.

The judgment appealed from is affirmed. Costs are awarded to respondent.

Budge, C. J., and Rice, J., concur.

Petition for rehearing denied.