(June 25, 1920.)

FANNIE UDELAVITZ, Respondent, v. JOHN A. KET-
CHEN, Executor of the Last Will and Testament of
LEWIS LARSON, Sr., Deceased, and EMULINE
LARSON, Appellants.

[190 Pac. 1029.]

EJECTMENT—DEEDS—ESTOPPEL—EQUITABLE DEFENSES—MUTUAL MIS-
TAKE—EVIDENCE—WEIGHT AND SUFFICIENCY—BURDEN OF PROOF.

1. When a mutual mistake is properly alleged either in a com-
plaint seeking affirmatively to have the deed reformed or in an
answer as a defense against an action seeking to enforce strictly
the terms of the deed, parol evidence is admissible for the pur-
pose of establishing the fact that the deed as actually written
does not express the real intent of the parties, but fails to do
so because of such mutual mistake.

2. In order to entitle a party to such relief, either affirmatively
or by way of defense upon the ground of mistake, it must appear
that the mistake was mutual.

3. The evidence of the mutual mistake must be so clear and
satisfactory as to leave no fair and reasonable doubt that the
writing does not correctly embody the real intention of the par-
ties. A mere preponderance of the evidence will not suffice, and
the burden of proof is on the party alleging the mutual mistake.

APPEAL from the District Court of the Third Judicial
District, for Ada County. Hon. Carl A. Davis, Judge.

Action of ejectment. Judgment for plaintiff. *Affirmed.*

Karl Paine, for Appellants.

An action of ejectment will not lie to recover a strip of
land embraced in the description contained in a deed, but
not intended to be conveyed. (*Butler v. Barnes,* 60 Conn.
170, 21 Atl. 419, 12 L. R. A. 273.)

Ira E. Barber and W. H. Davison, for Respondents.

No relief can be afforded which is not founded on the
pleadings. (*Davis v. Pacific Tel. etc. Co.,* 127 Cal. 312, 57

Pac. 764, 59 Pac. 698; *Snoderly v. Bower,* 30 Ida. 484, 166 Pac. 265; Comp. Laws, secs. 4184-4188.)

Defendants are bound and concluded by the description and terms of the deed in issue, and the vesting of title is determined by the legal effect of the terms of the deed, and cannot be controlled by parol evidence. (*Brown v. Brown,* 18 Ida. 345, 110 Pac. 269; *Josslyn v. Daly,* 15 Ida. 137, 96 Pac. 568; *Whitney v. Dewey,* 10 Ida. 633, 80 Pac. 1117, 69 L. R. A. 572.)

When a plat is referred to in a deed, all the particulars of the plat are expressly recited in the deed, and the lot lines as determined by the plat are the lot lines granted and conveyed. (*Boise City v. Hon,* 14 Ida. 272, 94 Pac. 167.)

Defendants are estopped by the recitals of the deed and precluded from asserting anything contrary thereto. (16 Cyc. 686, note 10; *Bliss v. Tidrick,* 25 S. D. 533, Ann. Cas. 1912C, 671, 673, 127 N. W. 852.)

BUDGE, J.—On December 23, 1912, Lewis. Larson, Sr., now deceased, and Emuline Larson, then his wife, made, executed and delivered to respondent a warranty deed purporting to convey all of lot 3 and the northeast half of lot 2 in block 3 of Riverside Addition to Boise, as the same is laid out and designated on the official plat of said addition on file in the office of the county recorder of Ada county. Lot 3 lies on the northerly side of lot 2. Some time prior to the conveyance, a fence had been built supposedly along the northerly boundary of lot 3, but in fact along a line five feet three inches south thereof, approximately parallel therewith. This action was brought to eject appellants from that part of lot 3 lying between the fence and the northerly boundary of lot 3 as the same is designated on the recorded plat.

The real contention in this case arises upon the issue raised by appellants' affirmative defense set up in their answer wherein they allege the giving of the deed containing the description already set out, and further allege that the description therein contained is erroneous, in that it includes

all of lot 3 instead of that part only lying south of the
fence; that at the time the deed was executed and delivered
the parties to the deed each believed that the fence formed
the northerly boundary of lot 3; that respondent intended
to acquire and appellants intended to convey only the prop-
erty lying to the south thereof; and that the erroneous de-
scription was the result of a mutual mistake committed by
all of the parties to the deed; and deny ownership or the
right to possession of respondent to the strip of land in
question.

The case was tried to the court. Findings of fact and
conclusions of law were filed and a judgment entered for
respondent directing the ouster of appellant from the land
in question. This appeal is from the judgment.

Appellants assigned as error the insufficiency of the evi-
dence to sustain the findings of the court, which are to the
effect that they intended to sell, and respondents intended
to buy, the property as described in the deed. They main-
tain, on the contrary, that the evidence shows that the par-
ties to the deed were mutually mistaken in describing the prem-
ises therein as "all of lot 3 and northeast half of lot 2." They
insist the evidence shows what the grantors intended to sell
and the grantees to buy was the premises as they were
fenced, and which were numbered "607 South 13th Street."
These contentions of appellants are not borne out by the
record.

The record contains evidence tending to show how the
fence came to be placed five feet and three inches south of
the lot line. It also shows that Mrs. Larson believed that
the fence was on the true line, and that she first learned
that it was not when demand was made of her by respondent
for possession of the strip of land in controversy some time
after the deed was given and prior to the institution of this
action. There is no evidence in the record as to any con-
versation had between the grantors and the grantee at or
prior to the execution and delivery of the deed with respect
to this boundary line or with respect to the land which the
grantors intended to convey or the grantee intended to ac-

quire. There is no evidence that respondent was buying the land as bounded by the fence. There is no evidence that the Larsons told her that they were selling her the land bounded by the fence. The most that can be said of the evidence is that it shows the fence was not on the true boundary line and how it came to be where it was, but as to whether or not there was a mutual mistake between the parties, in writing or causing to be written into the deed an erroneous description of the property actually intended to be conveyed, the record is silent.

Before relief can be granted either in an original action therefor or when relied upon as an equitable defense, it must appear that the mistake was mutual. (*Hoback v. Kilgores,* 26 Gratt. (Va.) 442, 21 Am. Rep. 317; *Massie's Admr. v. Heiskell's Trustee,* 80 Va. 801; *Houser v. Austin,* 2 Ida. 204, 10 Pac. 37, and other cases herein cited.)

The evidence must be clear and satisfactory, leaving but little, if any, doubt of the mistake. It must be made out by the clearest and most satisfactory testimony, such as to leave no fair and reasonable doubt on the mind that the writing does not correctly embody the real intention of the parties. A mere preponderance of the evidence will not suffice, and the burden of proof is on the party alleging the mutual mistake. (*French v. Chapman,* 88 Va. 317, 13 S. E. 479; *Farmville Ins. Co. v. Butler,* 55 Md. 233; *Wood v. Patterson,* 4 Md. Ch. 335; *Houser v. Austin,* and other cases cited *supra.*)

The court found as a conclusion of law that appellants were estopped and precluded from asserting that the deed conveyed or invested respondent with title other than as per the terms and description thereof. This is assigned as error.

When a mutual mistake is properly alleged either in a complaint seeking affirmatively to have the deed reformed or in an answer as a defense against an action seeking to enforce strictly the terms of the deed, parol evidence is admissible for the purpose of establishing the fact that the deed as actually written does not express the real intent of the parties, but fails to do so because of such mutual mis-

take. (*Gillespie v. Moon,* 2 Johns. Ch. (N. Y.) 585, 7 Am. Dec. 559, and note; note to *Durkin v. Cobleigh,* 17 L. R. A. 270, 272; *Arguello v. Bours,* 67 Cal. 447, 8 Pac. 49; *Hoppough v. Struble,* 60 N. Y. 430; *Mutual Trust Co. v. Polymero,* 54 Misc. Rep. 379, 105 N. Y. Supp. 1024; *Meeker v. Dalton,* 75 Cal. 154, 16 Pac. 764, 766; *Mills v. Fletcher,* 100 Cal. 142, 34 Pac. 637, 639; *King v. Dugan,* 150 Cal. 258, 88 Pac. 925, 927; *Cassin v. Nicholson,* 154 Cal. 497, 98 Pac. 190.)

Appellants having failed to prove that the description contained in the deed was the result of a mutual mistake, the conclusion of the court that they were estopped was not prejudicial error.

Finding no reversible error in the record, the judgment is affirmed. Costs are awarded to respondent.

Morgan, C. J., and Rice, J., concur.