[No. 17898.   Department One.   August 6, 1923.]

ELIZABETH ITKIN et al., Respondents, v. JAMES C.
JEFFERY et al., Appellants.[1]

HUSBAND AND WIFE (67, 71)—REFORMATION OF INSTRUMENTS (6)
—COMMUNITY PROPERTY—SALES BY HUSBAND—MUTUALITY OF MISTAKE.
A contract by a husband and wife to convey community property
cannot be reformed for mutual mistake upon evidence of prelimi-
nary negotiations tending to show a mistake on the part of the
husband in not incorporating an agreement to pay certain taxes, in
the absence of any evidence that the wife had notice of such an
agreement or participated in the "mistake."

Appeal from a judgment of the superior court for
King county, Frater, J., entered November 21, 1922,
upon findings in favor of the plaintiff, in an action to
reform a contract for the sale of real estate, after a
trial on the merits. Reversed.

*Preston, Thorgrimson & Turner,* for appellants.
*Stratton & Kane,* for respondents.

MITCHELL, J.—James C. Jeffery and Minnie M. Jef-
fery, as husband and wife, were the owners of certain
real property in Seattle. On August 24, 1920, they
entered into a duly acknowledged written contract by
which, for a cash payment and other payments to be
made, they agreed to sell and convey the property to
Elizabeth Itkin. The contract was signed by the ven-
dors and the vendee. Among other things, it provided
that the vendee should pay all taxes and assessments
of every nature levied against the property, or any
part of it, after the date of the contract.

In April, 1922, this suit was brought by Elizabeth
Itkin and her husband, A. Itkin, against Jeffery and
wife to reform the real estate contract of August 24,

[1] Reported in 216 Pac. 861.

1920, upon the allegation that the contract, by the mutual mistake of the parties, failed to contain a provision requiring the vendors to pay the 1920 taxes, and to recover the sum of $303.03 general taxes, plus interest thereon, for the year 1920, levied on the property after the date of the contract. The plaintiffs prevailed in the trial court, and the defendants have appealed.

Nearly all of the evidence, and most of the arguments of counsel, relate to matters that, in our view, are not important or controlling. They refer to negotiations, oral and written, between the husbands prior to the date of the contract concerning the proposed sale of the property. Primarily, the suit is for the reformation of a written contract of sale by a husband and wife of their community real property. Respondent James C. Jeffery had no power to represent or bind his wife in the sale and disposition of the property; nor is there a semblance of testimony, either direct or by inference, to indicate that Mrs. Jeffery ever heard or thought of any proposal or agreement concerning the payment of taxes on the property other than that written into the contract, until this suit was brought. There could not, therefore, have been any mutual mistake so far as she is concerned; and without her, there could have been no contract for the sale of the property.

Ever since the enactment of the present community property law of this state, and the case of *Holyoke v. Jackson,* 3 Wash. Terr. 235, 3 Pac. 841, it has been considered, with reference to the power of the husband to sell and convey community real property, as was said in that case:

"To make an actual sale or conveyance without his wife, he had no power. The law says such a thing shall not be done."

And, as was said in the opinion on rehearing in that case:

"In the matter of disposing of community real property, husband and wife are, by the law of 1879, joint trustees for their mutual benefit in the community. Within the scope of their joint trust, neither can act without the other."

Since the contract sought to be reformed by this action was signed by both husband and wife, as it had to be to make it valid and binding, it cannot be reformed on the ground of mutual mistake, unless such mistake is traceable to both husband and wife, any more than a contract signed by only one of them, of itself, could not be enforced against both of them, as to their community property. There being no proof of any mistake on the part of Mrs. Jeffery, it follows that both parties to the contract were not mistaken. One of the parties was the community consisting of Mr. and Mrs. Jeffery, represented not by either one, but both of them.

The judgment must be and it is reversed, with directions to dismiss the action.

MAIN, C. J., MACKINTOSH, BRIDGES, and HOLCOMB, JJ., concur.