(No. 6315.   December 14, 1936.)

METROPOLITAN LIFE INSURANCE COMPANY, a Corporation, Respondent, v. MINNIE McCLELLAND, as Administratrix of the Estate of EVARTS A. McCLELLAND, Deceased; MINNIE McCLELLAND, a Widow, Appellants, and The Unknown Heirs and the Unknown Devisees of EVARTS A. McCLELLAND, Deceased; the Unknown Owners of the Following Described Real Property Situated in Latah County, State of Idaho, to-wit: SW.¼ of the NE.¼ and the N.½ of the SE.¼ of Section 19, Township 41 North, Range 5, W. B. M., Defendants.

[63 Pac. (2d) 657.]

A. H. Oversmith, for Appellants.

Orland & Goff, for Respondent.

BUDGE, J.—Evarts A. McClelland, since deceased, and Minnie McClelland, his wife, on November 15, 1927, bor-

rowed $3,500 from respondent, and as security therefor executed a mortgage covering certain community real estate described as the Northwest quarter of the Southeast quarter and the South half of the Southeast quarter of Section 19, Township 41, North, Range 5, W. B. M., hereinafter referred to as tract ''A.'' The surviving mortgagor being in default, this action was brought to foreclose the mortgage and to have the description contained therein reformed to cover the Southwest quarter of the Northeast quarter and the North half of the Southeast quarter of said section 19, hereinafter referred to as tract ''B.'' Findings of fact were entered to the effect that the mortgagors intended to mortgage tract ''B,'' ''but due to a clerical error and mutual mistake in preparing said mortgage'' tract ''A'' was described, and that said clerical error and mutual mistake was not discovered by respondent until on or about July 8, 1933. Judgment was entered against appellant Minnie McClelland in the sum of $4,376.17, together with $300 attorney's fees and costs of suit. The decree further allowed a reformation of the mortgage as prayed for and ordered the property sold in the manner provided by law for the purpose of satisfying the judgment. This appeal was taken from the judgment.

There is no contention that respondent is not entitled to foreclose the mortgage according to the legal description contained therein, namely upon tract ''A.''

Numerous errors are assigned, all of which have been examined, and we have reached the conclusion that there is but one error which need be discussed and which disposes of the case. Appellant makes the point in assignment of error numbered 8 that the evidence is insufficient to support the findings, judgment and decree granting a reformation of the mortgage by substituting tract ''B'' in lieu of tract ''A,'' contending that the evidence wholly fails to establish a mutual mistake by reason of a clerical error or otherwise. on the part of Mrs. Minnie McClelland, the wife of Evarts A. McClelland, and that though it be conceded that a mutual mistake was established as between Evarts A. McClelland and respondent this would not be sufficient to uphold a judgment reforming the mortgage as against Mrs. Minnie McClelland unless the evidence also established a

mutual mistake on her part. The rule appears to be that to reform a mortgage executed and delivered by the husband and wife upon community property on the ground of mutual mistake, the mistake complained of must be shown to have existed as to both husband and wife and that such a mortgage cannot be reformed unless the mistake is traceable to the wife as well as the husband. (*Itkin v. Jeffery,* 126 Wash. 47, 216 Pac. 861; *Adams v. Baker,* 24 Nev. 162, 51 Pac. 252; 53 C. J., pp. 927, 928, 941 and 972; *Ackerman v. Begrisch,* (N. J. Ch.) 50 Atl. 673.) The foregoing rule is in accord with the well-settled doctrine in this jurisdiction that the husband "cannot sell, convey or encumber the community real estate unless the wife join with him in executing and acknowledging the deed or other instrument of conveyance, by which the real estate is sold, conveyed or encumbered." (I. C. A., sec. 31-931; *Wits-Keets-Poo v. Rowton,* 28 Ida. 193, 152 Pac. 1064; *Weiser Loan etc. Co. v. Comerford,* 41 Ida. 172, 238 Pac. 515; *Gustin v. Byam,* 41 Ida. 538, 240 Pac. 600; *Civils v. First Nat. Bank,* 41 Ida. 690, 241 Pac. 1023; *Blaine County Nat. Bank v. Timmerman,* 42 Ida. 338, 245 Pac. 389; *Childs v. Reed,* 34 Ida. 450, 202 Pac. 685; *Hart v. Turner,* 39 Ida. 50, 226 Pac. 282; *Elliott v. Craig,* 45 Ida. 15, 260 Pac. 433; *Kohny v. Dunbar,* 21 Ida. 258, 121 Pac. 544, Ann. Cas. 1913D, 492, 39 L. R. A., N. S., 1107; *McKinney v. Merritt,* 35 Ida. 600, 208 Pac. 244.)

An examination of the record in this case negatives any knowledge on the part of Mrs. Minnie McClelland that a mutual mistake was made on her part. It is conceded that she never saw the application for a loan, never had any conversations with respondent's agents or representatives in connection therewith, and that when she signed the mortgage it described tract "A." There is no evidence that she understood or intended that the mortgage should cover tract "B." The record discloses that one Barnes, respondent's appraiser and a Mr. Miller, its agent, called at the McClelland farm for the purpose of taking an application for a loan; that they met with and carried on all conversations with Evarts A. McClelland, the husband, who alone signed and acknowledged the application after the same had been

prepared by Barnes. The only evidence material to the point under discussion, and which appears in the testimony of Barnes, is to the effect that when Evarts A. McClelland offered to mortgage tract "A," he, Barnes, informed McClelland that his company would not make a loan of $3,500 on tract "A," and that in order to secure a loan in that amount it would be necessary to eliminate the timber lands included and include the lands described in tract "B" and that Evarts A. McClelland informed Barnes:

"He said before he could include that in his application he would have to go in the house and talk with Mrs. McClelland."

Without objection thereto Barnes further testified as follows:

"Q. Did he go in the house then?

"A. Yes.

"Q. Did either you or Mr. Miller go in the house with him?

"A. No.

"Q. How long was he in there, approximately?

"A. Oh, I would say approximately fifteen or twenty minutes.

"Q. What did he say when he came out?

"A. He said it would be all right to include the other land if we didn't include the forty with the buildings—he wouldn't put a mortgage on that."

The foregoing is the only material testimony, which by inference or otherwise may be said to indicate that appellant had knowledge that land other than tract "A" was intended to be mortgaged or was under consideration. The most that can be said is that there is only an inference that the deceased McClelland, if he did talk with Mrs. McClelland, which fact is not made to appear from the testimony except by inference, talked about mortgaging tract "B." From such testimony it does not appear that Evarts A. McClelland even told Barnes that Mrs. McClelland said it would be all right to include other lands. There is nothing more than mere conjecture that appellant was advised or had any knowledge of any intention, if such there was, to include in the mortgage land other than tract "A."

Evidence of mutual mistake must be clear and satisfactory. A mere preponderance of the evidence will not suffice. It need not be proven beyond a reasonable doubt. The burden of proof is on the party alleging the mutual mistake. (*Exum v. Portneuf-Marsh Valley Irr. Co.,* 38 Ida. 155, 220 Pac. 112; *Panhandle Lbr. Co. v. Rancour,* 24 Ida. 603, 135 Pac. 558; *Bowers v. Bennett,* 30 Ida. 188, 164 Pac. 93; *Udelavitz v. Ketchen,* 33 Ida. 165, 190 Pac. 1029; *Ehlinger v. Washburn-Wilson Seed Co.,* 51 Ida. 17, 1 Pac. (2d) 188.) We make this statement of the rule in order to clarify what might be confusing in cases where the rule has been stated in possibly broader terms.

From what has been said it follows that the judgment must be reversed and it is so ordered and the cause is remanded with instructions to the trial court to proceed in accordance with the views herein expressed. Costs are awarded to appellants.

Givens, C. J., and Morgan, Holden and Ailshie, JJ., concur.

Petition for rehearing denied.