KRETSCHMER, APPELLANT, v. HARD ET AL., APPELLEES.

1. AMBIGUITIES IN DEEDS.

A patent ambiguity is that which remains uncertain after all the evidence of surrounding circumstances and collateral facts, admissible under proper rules of evidence, is exhausted.

2. DESCRIPTION ACCORDING TO PLAT.

The general rule is that where land is described in a deed according to a certain plat, the deed is to be construed in connection with such plat for the purpose of identifying the property intended to be conveyed; but this rule does not exclude other means of identification not in conflict with the plat.

3. PAROL EVIDENCE OF DESCRIPTION.

Though mere declaration of parties as to the meaning or application of the descriptive part of a deed may not be admissible to explain ambiguous or doubtful words therein contained, nevertheless, collateral facts and circumstances established by parol evidence are often admissible for that purpose.

4. IDENTIFICATION OF LAND CONVEYED.

In a patent issued by the state of Colorado, the land was described as "Fractional Block number one (1) in the state addition to the city of Pueblo;" there was a plat of the state addition, but the deed did not in express terms purport to convey the block as marked and numbered on the plat; the evidence showed that there was a parcel of land in such addition which might appropriately have been designated as block 1, though it was not so marked. Held:

That it was competent to prove by parol evidence that such parcel was generally known as fractional block 1 in said addition, before the issuance of the patent as well as afterwards; that extrinsic evidence was admissible to show that such parcel was so designated by the public authorities of the state and county for purposes of lease, sale and taxation; and that it was no contradiction of the plat to apply the descriptive words of the patent to such parcel of land, there being no other parcel in the addition to which the description applied.

*Appeal from the District Court of Pueblo County.*

ACTION to recover possession of certain real estate. Finding and judgment for plaintiffs. Defendant appeals.

Appellant Kretschmer, defendant below, claimed title to the premises in controversy under a patent from the state of

Colorado to one Annie E. Hanlon, dated February 15, 1886, and issued in pursuance of a sale by the state board of land commissioners on August 13, 1883.   The Hanlon patent describes the lands as,

"Situate in the County of Pueblo and State of Colorado, to-wit: fractional block number one (1) and lot number four (4) in block number thirteen (13) in the State addition to the City of Pueblo, Colorado, which said described tracts of land have been purchased by the said Annie E. Hanlon."

Appellees, plaintiffs below, claimed title under a patent from the state to Gideon H. Hard, trustee, dated February 21, 1889, and issued in pursuance of a sale by the state board of land commissioners on July 9, 1887, in which the lands are described as,

"Situate in the County of Pueblo and State of Colorado, to-wit: all that portion of the South half of the North-west quarter of Section thirty-six (36) in township twenty (20) south of range sixty-five (65) West of the Sixth Principal Meridian, which lies North of the Arkansas river, and all that portion of the West half of the North-east quarter of said Section, township and range which lies between the south line of the State Addition to the City of Pueblo and the said Arkansas river, containing five (5) acres more or less."

On November 2, 1887, a second or supplemental patent was issued to Annie E. Hanlon by the state board of land commissioners in which the lands were described as,

"Situate in the County of Pueblo, and State of Colorado, to-wit: fractional block number one (1) in the State Addition to the City of Pueblo, described as follows, to-wit: Beginning at the South-east corner of the W. $\frac{1}{2}$ of N. E. $\frac{1}{4}$ of Sec. 36, T. 20 S. R. 65 W. thence Northerly along the East line of State Addition $348\frac{2}{10}$ feet, more or less, to the South-east corner of lot No. 10 in Fractional Block No. 2 in said State Addition. Thence Westerly along south line of lots Nos. 10, 9, 8, 7, & 6 to S. W. corner of lot No. 6 in said Block No. 2 on East side of Greenwood St. $211\frac{7}{10}$ feet, more or less.   Thence along east line of Greenwood Street extending southerly to the

Arkansas River 156$\frac{5}{10}$ feet, more or less (this measurement is to the top of the present City slag wall.)   Thence along meandered line of said river to intersection of half section line between north and south halves of said section 36.   Thence easterly along said half section line to place of beginning. Saving and reserving all rights, either at law or equity, which may have been acquired by others to said property or any part thereof, from the State of Colorado, since executing the patent to one Annie E. Hanlon, wherein said property is described as Fractional block number one (1) in the State Addition to the City of Pueblo, and Lot 4 in Block 13 in State Addition to City of Pueblo."

The last patent to Hanlon was evidently designed to correct a supposed uncertainty of description in her first patent.

Messrs. URMY & CRANE, for appellant.

Mr. J. M. WALDRON and Messrs. WESCOTT & McDANIEL, for appellees.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

The controversy in this action relates to a parcel of land included in a grant of school lands by the general government to the state of Colorado.   Appellant and appellees, respectively, claim title to the land under different patents from the state of Colorado.   Appellant Kretschmer claims under the old patent.   Appellees Hard and his associates claim under a junior patent; but they contend that the older patent is absolutely ineffectual to convey the land by reason of uncertainty in the description.

It is conceded that if the land in controversy was conveyed by the first patent to Hanlon, then appellees have no title. In December, 1877, the state board of land commissioners by resolution authorized their secretary to "take the necessary steps to have that portion of section 36, township 20 south, of range 65 west, belonging to the state school lands, situate

adjacent to the town of Pueblo, surveyed and platted according to the provisions of section 27, article 4, of an act providing for the selection, location, appraisal and sale, or leasing of state lands, and also that he be authorized and empowered to do whatever may be necessary to be done in the matter of annexing the said tract to the town of Pueblo as a state addition to said town or city of Pueblo."

In pursuance of this authority, the land was surveyed, a plat thereof was made, and a deed was executed designating the lands shown on said map as an addition to the city of Pueblo. The lands were described as, " situate in the County of Pueblo, State of Colorado, to-wit: The West ½ of the North-east ¼ of Section 36, Township 20 South of Range 65 West." By said deed the perpetual right of way and full jurisdiction over all the streets and alleys as laid out and shown by the plat were dedicated to the city of Pueblo. The map and deed were filed for record in the recorder's office of Pueblo county in January, 1878.

The resolution of the land board provided for the surveying and platting of that portion of section 36 adjacent to Pueblo as an addition to that city. The land designated as such addition in the deed of dedication, to wit, " The West ½ of the North-east ¼ of Section 36," bounds the original plat of Pueblo on the west; the additional and the original plat of the city are coterminous throughout the entire eastern boundary of the one and the western boundary of the other.

The map of the state addition as filed shows 23 blocks and fractional blocks numbered from 2 to 24 consecutively. The numbering is by Arabic numerals without other mark or designation, commencing with block 2 near the southeast corner of the land described in the deed of dedication and extending northward to block 8, thence southward from block 9 to block 15, and so on. A small parcel of land, however, appears upon the map, lying south of block 2,—that is, between block 2 and the river, which is not numbered on the map as a block. It was shown by the evidence that after the date of the filing of the map the current of the river along the

margin of the state addition receded to the southward and thus the dimensions of that parcel of land between block 2 and the river have been considerably enlarged.

On the trial, evidence was introduced and other evidence was offered in behalf of Kretschmer, tending to prove that the parcel of land between block 2 and the river was generally known as "fractional block 1 in the State Addition to the city of Pueblo" at and before the purchase by Hanlon, and from that time on until the purchase by Hard and his associates, as well as afterwards.

As early as April, 1880, one G. W. Hughes made a written application to the board of land commissioners to lease the land in controversy, describing the same in his application as "fractional block one (1) of the State Addition to the city of Pueblo." The application further stated that Mrs. R. Hughes was the owner of improvements on said fractional block and that said improvements were of the value of $100.

On April 21, 1880, the land board acting upon the application of Hughes executed a lease to him in which the premises were described as "fractional block one (1) in the State Addition to the city of Pueblo." The lease was granted for the term of five years. Four annual payments of rent were made upon this lease, to wit, for the years 1880, 1881, 1882 and 1883. The first three payments were made by Hughes; the last, by Annie E. Hanlon, to whom the lease was assigned by Hughes in November, 1882.

In August, 1883, Hanlon became the purchaser of the premises as heretofore stated, the premises being described in the certificate of purchase, as well as in the patent afterwards issued thereon, as "fractional block one (1) in the State Addition to the city of Pueblo."

J. S. Green, a witness for appellant Kretschmer, testified that he had been a civil engineer since 1878; had lived in Pueblo since September, 1881, except two years when he was state engineer and resided in Denver; that he had been city engineer of South Pueblo and also of Pueblo for a short time; that he was quite familiar with the state addition to Pueblo

and the original town of Pueblo ; that he had traced the line bounding the state addition on the east, and, in doing so, traced the eastern boundary line of the land in controversy ; that in doing so he found several stakes resembling those found at the corners of the blocks of the state addition ; that in 1882 he and one Baldwin had published a map of Pueblo, South Pueblo and Bessemer ; that over a hundred of the maps were published and nearly all disposed of in Pueblo ; that he had noticed the map from time to time in different offices ; and that the maps show the land in controversy with the figure 1 thereon, indicating it as fractional block one in the state addition. The same witness also testified that he was interested in the publication of another map published in 1886, of which there were about 100 sold, and that upon the last mentioned map the land in controversy was shown to be in the state addition designated by the figure 1 with the words, " not on plat," thereunder.

There was also evidence that in April, 1883, the board of county commissioners appointed appraisers to appraise certain lots on certain school lands in Pueblo county and the improvements thereon, if any. The following month the report of the appraisers was filed in the recorder's office, and among other lands appraised was fractional block 1 in the West ½ of the Northeast ¼ of Section 36, Township 20, Range 65. The value of the land was appraised at $150, and the improvements at $200, and G. W. Hughes was designated as the owner of the improvements. It was admitted that Gideon H. Hard, one of the plaintiffs, was county commissioner at the time the order was made directing the appraisement of said land, and was present and acting as such commissioner.

D. L. Smith, one of the plaintiffs, testified that for more than three years before and up to the time of the trial, he had been county assessor of Pueblo county, and that prior to the date of the sale made to Hard, his coplaintiff, it had come to his (Smith's) notice that the piece of property bearing the description of fractional block 1 in the state addition had been returned for taxation every year during his term of office,

though he denied that he had any knowledge where the location on the ground was of the tract of land so designated as fractional block 1.

The evidence shows that the first patentee, Annie E. Hanlon, derived her title from one Hughes, and further that Hanlon by warranty deed executed February 12, 1886, conveyed "fractional block one (1) in the State Addition to the city of Pueblo" to appellant Kretschmer.

In behalf of appellant, proof was offered to the effect that from some time in April, 1880, up to April, 1886, the land in controversy was continuously occupied by G. W. Hughes, as his residence; that it was inclosed during all that time, the north fence running along the south line of River street; that said Hughes had a good substantial house thereon, that he had a water wheel in the river for the purpose of operating machinery at the house, and that this piece of land was known all of that time and recognized by the people generally in that neighborhood as fractional block 1 of the state addition to the city of Pueblo.

Further proof was offered to the effect that Kretschmer had resided in the vicinity of the land in controversy since long prior to 1877; that from the date of his purchase from Mrs. Hanlon he had been in possession of the land except that portion lying immediately west of River street; that immediately after purchasing said premises he had torn down the house built by Hughes, and sold the material; and that in the spring of 1886 he built a brick wall on the bank of the river for the purpose of protecting the land; that he had occupied and used said premises during the spring of 1887 for the purpose of storing wagons and machinery; that he had never abandoned possession of the land since its purchase; that he had always held possession of said fractional block 1 openly since his purchase, claiming it as his own property; that the land had been generally known since 1877 in the neighborhood as fractional block 1 in the state addition; that he had paid all taxes legally assessed against the property for the five years prior to the bringing of this suit; that

all the taxes that had been assessed were for the years 1886, 1887 and 1888, and that the property was assessed as fractional block 1 of the state addition to the city of Pueblo.

Other testimony was offered by appellant to show that he had occupied and improved the premises in controversy. The offers of testimony, as above stated, were rejected by the court.

In behalf of appellees it is contended that as no block or fractional block, designated as block 1, is shown *upon the plat* of the state addition to Pueblo, therefore, no title passed by the description in the deed by the land board to Hanlon. Counsel contend that the deed and the plat must be construed together, and that, so construed, there is presented a clear case of *ambiguitas patens* which, according to Lord Bacon, is "never holden by averment." In other words, it is insisted that the patent to Hanlon must be held void for uncertainty so far as it purports to convey fractional block 1.

In his work on the Law of Evidence, Mr. Greenleaf devotes considerable space to the common law distinction between *ambiguitas patens* and *ambiguitas latens*, and summarizes and illustrates the rules governing the introduction of evidence to explain such ambiguities in deeds; and thereupon the learned author remarks: "The patent ambiguity, therefore, of which Lord Bacon speaks, must be understood to be that which remains uncertain to the court, after all the evidence of surrounding circumstances and collateral facts, which is admissible under the rules already stated, is exhausted." 1 Greenleaf's Evid. 297–300.

In a recent case determined by the supreme court of Missouri, Mr. Justice Barclay, speaking for all the members of that court, says: "That parol evidence is sometimes admissible to clear up ambiguity in the descriptive part of a deed is elementary law, but the difficulty of determining in what particular cases such evidence should be admitted has not been entirely removed by such rules as the adjudged cases on the subject may be said to establish."

The judgment of the trial court in the Missouri case was

reversed for error in refusing to admit certain parol evidence to explain ambiguities in the deed of conveyance. · The syllabus of the case contains the following : " Where the description of the premises in a deed is ambiguous, parol evidence is admissible to show that a certain body of land in the county had been long known in that locality by that description ; that it had been previously conveyed by persons in privity with defendant by the use of language substantially the same, and also to show the popular name of the tract and the location on the ground of the monuments mentioned in the deed." *Bollinger County v. McDowell*, 99 Mo. 632.

Again, in *Marvin v. Elliott*, 99 Mo. 616, the same court held that, " a deed conveying city property by lot numbers is not void for uncertainty, although the recorded plat shows no division of the blocks into lots ; it appearing that the proprietors had always treated the blocks as divided into lots ; and that for many years the property had been assessed, conveyed and generally known by the lot numbers."

In the present case the evidence clearly shows that there was and is a parcel of land lying just south of block 2 in the State Addition and between said block and the river, which parcel is adjacent to the town of Pueblo as it was in 1877 ; such parcel appears in the plat as recorded, and was and is a part of the West ½ of the North-east ¼ of Section 36, Tp. 20, S. R. 65 W., and is, therefore, included in that tract of school land which the secretary was authorized to survey and plat, and which is described in the deed of dedication as the State Addition to the town or city of Pueblo. Though such parcel bears no number on the map as recorded, it might very properly have been designated as block 1 ; and it was competent to prove by parol evidence that such parcel was generally known as fractional block 1 at and before the issuance of the first patent to Hanlon as well as afterwards ; it was competent to prove that it was so designated by the public authorities of the state, as well as of the county, for purposes of lease, sale and taxation. It was no contradiction of the re-

corded plat to apply the descriptive words of the first Hanlon patent to such parcel of land.

It is a general rule that where land is described in a deed of conveyance according to a certain plat or map, the deed is to be construed in connection with such plat or map for the purpose of identifying the property intended to be conveyed. But the rule does not exclude other means of identification not in conflict with the map; so in this case it does not follow that there cannot be such a parcel of land as fractional block 1 in the State Addition to Pueblo, merely because the marks and figure to indicate such block do not appear on the map. The Hanlon patent does not purport to convey fractional block number one *as marked or numbered on the plat or map*, but merely, "fractional block number one (1) in the State Addition." Suppose the figure 3 had been omitted by the draughtsman from the parcel of land lying between blocks 2 and 4 as platted, could it be successfully maintained for that reason *alone* that there was not and could not be any such block as block 3 in said State Addition, and that no parol proof of the existence and location of such block could be admitted? Such an application of the rule would be exceedingly hyper-technical. The purpose of the rule is to secure, not to defeat, the rights of parties; the rule does not exclude such extrinsic or parol evidence as may be proper and necessary to show the application and meaning of deeds of conveyance.

In 1 Greenleaf's Evidence, sec. 287, it is said: " In the simplest case that can be put, namely, that of an instrument appearing on the face of it to be perfectly intelligible, inquiry must be made for a subject-matter to satisfy the description. If, in the conveyance of an estate, it is designated as Blackacre, parol evidence must be admitted to show what field is known by that name."

In this case appellees (plaintiffs below) were obliged to resort to parol evidence in connection with the plat or map on which they rely. The map of the State Addition, as platted and filed, does not clearly designate the land in contro-

versy, even according to the theory of appellees ; it does not contain any meridian or parallel lines, or lines of the government survey ; nor does it show the points of compass. Parol proof would be required to show the location of the original plat of Pueblo or the course of the Arkansas river with certainty.

Dr. Bishop, commenting on the construction of written instruments, says : " The rule most conspicuous and wide-reaching of all is, that a written contract shall be so interpreted as, if possible, to carry out what the parties meant." The distinguished author refers to certain of the old jurists who commended those judges that are diligent to discover reasons and means to make acts according to the just intent of the parties, and to avoid wrong and injury. Bishop on Contracts, sec. 380 ; 1 Chitty on Contracts, p. 104 *et seq.*

Though mere declarations of parties as to the meaning or application of the descriptive part of a deed may not be admissible to explain ambiguous or doubtful words therein contained, nevertheless, collateral facts and circumstances established by parol evidence are often admissible for that purpose. *Hicklin v. McClear*, 18 Oregon, 126 ; *Kennebec Purchase v. Tiffany*, 1 Greenleaf (Me.) 219 ; 3 Washburn on Real Property, p. 429 ; *Cullacott v. Cash Gold & S. M. Co.*, 8 Colo. 179.

From the rulings upon offers of evidence in behalf of appellant it is evident the trial court considered that parol evidence was inadmissible to show that the language of the first Hanlon patent was applicable to the land in controversy. In our opinion, much of the evidence offered in behalf of appellant and refused was admissible for that purpose, as above indicated. The judgment of the district court is accordingly reversed and the cause remanded.

*Reversed.*