ALLEN v. THE COLORADO CENTRAL RAILROAD COMPANY
ET AL.

1. ESTOPPEL.

The respondent in condemnation proceedings, who has voluntarily and with full knowledge of such proceedings received and retained the amount awarded as payment for the land sought to be taken, is estopped to deny their validity.

2. LAW OF THE CASE.

The decision upon a first appeal will not be reviewed upon a second appeal.

*Error to the District Court of Larimer County.*

Mr. A. H. DE FRANCE, for plaintiff in error.

Messrs. TELLER, ORAHOOD & MORGAN, for defendants in error.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

This was an action by the plaintiff in error against the defendants in error for the recovery of possession of real prop-

erty. The trial was before a jury, the verdict being for the defendants, on which a judgment was entered, which the plaintiff seeks to have reversed upon this writ of error.

The chief controversy arises under the amended third defense of the answer, which, in substance, alleges that in certain condemnation proceedings theretofore pending in the county court of the county in which this real estate was situate, wherein The Colorado Central Railroad Company was petitioner and the plaintiff respondent, the object of the proceedings being to condemn the property in question for railroad purposes, an award and compensation were made to the respondent in that behalf; that such proceedings, however, were, for certain reasons not necessary here to specify, invalid, but that, nevertheless, plaintiff in error here (respondent in that action), with full knowledge of those proceedings and their object, and with full knowledge of such award being made, accepted the sum of one hundred and eighty dollars as full payment of such award, and has ever since, and with full knowledge of the invalidity of the award, retained said money so paid and has never returned or tendered the same to said defendant.

A preliminary question is raised by the plaintiff in error attacking the order of the trial court in setting aside the default and judgment thereunder and granting a new trial. Assuming that plaintiff in error is in a position to urge this objection, our examination of the record satisfies us that the trial court was right in its ruling. The defendant had an unquestioned right to a new trial upon compliance with the provisions of the statute and the orders of the court in relation thereto, and it seems that such compliance was had.

The sole question submitted to the jury by the trial court by its instructions was whether or not the plaintiff in this action, as the respondent in the condemnation proceedings, voluntarily, and with full knowledge of such proceedings, received and retained the amount of such award as payment for the land sought to be taken by the Railroad Company, as particularly alleged in the third amended defense. This

question of fact thus submitted was found by the jury in favor of the defendant, and their verdict was in accordance therewith.

This amended third defense was filed after the decision by this court in the case of *The Colo. Central R. R. Co. v. Allen*, 13 Colo. 229, and evidently was drawn by counsel with such decision before them.    That decision is *res adjudicata* of the case at bar, and although it was not, at the time, the unanimous opinion of the court as then constituted, as nothing new, by way of argument or authority, is now advanced, although requested so to do, we decline to reopen the questions then determined.    In 1877 the first litigation concerning this property began, and it would seem that it should now close.    The rulings of the trial court, being in accordance with the doctrine established in the foregoing case, they will not be disturbed.

A number of other alleged errors relating to the evidence, and to the rulings of the court thereupon, are assigned.  But as the theory adopted by the trial court was based upon the decision just mentioned, and its rulings throughout the trial were consistent therewith, no error was committed.

It follows that the judgment of the court below is affirmed.

*Affirmed.*