No. 16,209.

SMITH *v.* ANDERSON ET AL.
(214 P. [2d] 366)

Decided January 16, 1950.

Mr. A. D. QUAINTANCE, Mr. WILLIAM D. JOHNSON, for plaintiff in error.

Mr. EMORY L. O'CONNELL, for defendant in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

MAUDE B. SMITH brought an action against Carl E. Anderson to secure a judgment reforming a deed to

certain real estate in Jefferson county, Colorado, formerly owned by her. Trial to the court resulted in a judgment adverse to plaintiff, to review which she brings the cause here by writ of error.

The record discloses that an action entitled, "Maude B. Smith, plaintiff v. Carl E. Anderson, defendant," was begun in the county court and appeal taken by plaintiff from the judgment therein to the district court. Upon the trial in the district court, E. Gladys Anderson was, by that court, held to be an indispensable party defendant, and the court ordered accordingly. It is contended by plaintiff's attorneys, and denied by defendant's counsel, that E. Gladys Anderson waived the service of process and entered her appearance as a defendant in the district court. Upon docketing the case here, with E. Gladys Anderson named as one of the defendants in error, Carl E. Anderson moved to dismiss the writ upon the ground that E. Gladys Anderson was an indispensable party and had not been made a party to the action in either the county or district court, and, never having entered her appearance or having been made a party in either court, a judgment might affect her interest adversely and substantially, without her having had her day in court. Upon the filing of this motion to dismiss, leave was granted to plaintiff to supplement the record. Upon the filing of the supplemental record, defendant Carl E. Anderson moved to strike the same from the files, upon the ground that his attorney had been afforded no opportunity of objecting thereto in the district court. The motion to dismiss and the motion to strike were denied, with leave to re-present both motions upon the final submission of the case. In view of the presented circumstances, we decline to reconsider these motions because, from our study of the record, we have arrived at a conclusion which makes such consideration unnecessary, and no opinion with reference to the merits of either motion is here expressed.

The record discloses that on May 8, 1946, Maude B. Smith entered into a written contract with Carl E. Anderson to sell and convey to him, "The East Forty (40) acres of the Wilbur Smith property lying north of 32nd Avenue including muskrat lakes and other improvements thereon together with 15 inches of Lee Stewart irrigation water." for the sum of $12,000, $200 of which was paid at the time of the signing of the contract, $7,800 to be paid on or before June 8, 1946, the balance to be financed. There was a further provision, among others, for the proration of taxes to the date of the execution and delivery of the deed, which, it was provided in the contract should be on or before June 8, 1946. It further appears from the record that plaintiff, pursuant to her agreement, furnished an abstract of title for the examination, approval and report of an attorney employed by defendant Carl E. Anderson as to the marketability of the lands to be sold, and from an examination of the abstract, which is one of plaintiff's exhibits, we find that the property therein described and the title to which was certified was "The SW ¼ NE ¼ of Section 29, Township 3 South Range 69 West except that conveyed in Book 379 page 68, Jefferson County records, * * *." The certification was made on the 15th day of May, 1946, and certificate was delivered to defendant Carl E. Anderson within the time limited in the contract. It is further disclosed by the record that on June 5, 1946, plaintiff executed a warranty deed in joint tenancy to Carl E. Anderson and E. Gladys Anderson, and therein the property conveyed was described as "SW ¼ NE ¼, Section 29, Township 3, South, Range 69 West, except tract conveyed in Book 379 at page 68, together with right to purchase annually 15 inches of Lee Stewart irrigation water at the rate of $2.00 per inch, and subject to any apparent or obvious easement, such as roadway, telephone, telegraph, power lines, etc., and subject to public Roads, Highways, and Ditches."

The property therein described was subject to all taxes levied subsequent to January 1, 1946.

It also appears from the record that on June 5, 1946, plaintiff had an attorney present at her agent's office to advise her concerning the closing of the transaction, who on the trial testified that he was called by plaintiff and her husband to come to the sales agent's office "to help close a sale of 40 acres, *being the Southwest Quarter of the Northeast Quarter (SW ¼ of NE ¼) of Section Twenty-nine (29) Township Three South, Range Sixty-nine West,* and * * * the girl there at Creighton's [plaintiff's sales agent] office made out the deed subject to my approval."

The record shows that on June 5, 1946, Carl E. Anderson and E. Gladys Anderson made and executed a note secured by deed of trust to the Public Trustee of Jefferson county for the use of Maude E. Anderson, in which trust deed it is recited that Carl E. Anderson and E. Gladys Anderson had executed their promissory note to Maude B. Smith for $4,000, being the unpaid balance of the purchase price of the lands, payable on or before three years after the date thereof, with interest thereon at the rate of six per cent. per annum, and in said deed of trust the scrivener used the identical descriptions heretofore noted as that contained in the warranty deed of Maude B. Smith to the Andersons. The Andersons covenanted that the property was free and clear of all liens and encumbrances whatsoever excepting taxes accruing subsequent to January 1, 1946.

It also appears from the record that on June 5, 1947, the Andersons paid the balance of their indebtedness to Maude B. Smith in full.

It is further disclosed by the record that plaintiff owned the south twenty-two feet of the northwest quarter of the northeast quarter of said section 29, which adjoins the southwest quarter of the northeast quarter of said section and which lies north of 32nd avenue. The existence of this strip and plaintiff's ownership thereof

were unknown to Carl E. Anderson, and, upon discovery of this fact, he and E. Gladys Anderson, needing this twenty-two foot strip to connect their property with that of a relative, and to provide a passageway out of the lands purchased by them, acquired a deed to the strip from plaintiff on December 6, 1946, paying as a consideration therefor the sum of $200.

Plaintiff offered evidence to the effect that subsequent to the delivery of the deed her husband and Carl E. Anderson agreed that a fence post located near the northwest corner of the southwest quarter of the northeast quarter of said section 29 should constitute a monument by which the westerly sideline of the forty-acre tract should be determined, while defendant Carl E. Anderson testified that the westerly sideline was to have been determined by survey.

Some time subsequent to June 5, 1946, and prior to February 11, 1947, plaintiff's husband and one Victor Anderson discussed building a fence on the westerly side of said southwest quarter of the northeast quarter, and before doing so determined to have that line established by a surveyor. According to the surveyor's receipt, dated February 11, 1947, he established the "east line of the SE ¼ of the NW ¼ or the West line SW ¼" according to the governmental survey. Plaintiff was dissatisfied with this survey because it fixed the westerly boundary line of said southwest quarter of the northeast quarter approximately twenty feet west of where she thought the line should be established, and she then requested a check survey, which was made, but which likewise was unsatisfactory to her. Subsequently plaintiff employed another surveyor whom she instructed to survey and establish the boundary lines of the southwest quarter of the northeast quarter of said section 29, and when this was done this survey coincided with the first survey and was likewise unsatisfactory to plaintiff because it established the westerly boundary line of said southwest quarter of the

northeast quarter approximately twenty feet west of where she thought it should be. She then had the second surveyor return and establish the lines for the east forty acres of said southwest ·quarter of the northeast quarter of said section 29, and this having been done, it disclosed that the northwest corner of said forty acres should be 17.46 feet east of the northwest corner of said southwest quarter of the northeast quarter of said section 29, and that the southwest corner of said forty acres would be at a point sixteen feet east of the southeast corner of said southwest quarter of the northeast quarter of said section 29.

Plaintiff, by her complaint, seeks a reformation of the warranty deed executed by her to the Andersons so as to describe the land therein conveyed as "the East Forty (40) acres of the Smith property lying North of 32nd Avenue, being the East Forty (40) acres of the Southwest Quarter of the Northeast Quarter (SW ¼ NE ¼) of Section 29, Township 3 South, Range 69 West, in Jefferson County, State of Colorado, * * * " and, as we have said, in the district court, judgment was entered in favor of defendants against plaintiff.

There are six specification of points summarized by plaintiff in error as follows, "The question of law thus presented for the determination of this court is whether or not, under the facts as presented in this case, the plaintiff is entitled to a reformation of the deed so that the deed will be made to conform to the intention of the parties as expressed by the contract, Exhibit 'A'." Exhibit A is the contract between plaintiff and defendant Carl E. Anderson, entered into under date of May 8, 1946.

Part of the Wilbur Smith property consisted of the south twenty-two feet of the northwest quarter of the northeast quarter of said section 29, and the contract calling for the east forty acres of the Wilbur Smith property lying north of 32nd Avenue would have included a part of this twenty-two foot strip lying outside

of said southwest quarter of the northeast quarter of said section 29, if the description in the contract was followed, but in the deed executed by plaintiff said twenty-two foot strip was wholly disregarded, and title to the same was subsequently acquired by the Andersons upon the payment to plaintiff of the sum of $200, as we have stated.

It should be remembered that E. Gladys Anderson was not a party to the contract of May 8, 1946, under which the plaintiff agreed to sell and Carl E. Anderson agreed to purchase a forty-acre tract belonging to plaintiff. It also should be remembered that there is no evidence whatever that E. Gladys Anderson was advised of either survey made by the two surveyors. For aught that appears in the record, E. Gladys Anderson purchased the land described in plaintiff's deed to her and Carl E. Anderson and executed the note securing the deed of trust which described the property in the identical terms mentioned in the warranty deed without having any previous understanding or knowledge as to any contract or negotiations existing between plaintiff and Carl E. Anderson. There is not a scintilla of evidence in the record as to any mistake on the part of E. Gladys Anderson.

It is a well-established rule in this jurisdiction that in order to entitle one to a reformation of a deed on the grounds of mutual mistake, the evidence must be clear, unequivocal and indubitable. *Hooper v. Capitol Life Ins. Co.*, 92 Colo. 376, 20 P. (2d) 1011; *Eisele v. Barnhart*, 98 Colo. 241, 55 P. (2d) 321. Here the trial court found the evidence lacking in this degree.

In the instant case a mutual mistake, such as would justify the reformation of the deed in question, must be one which is reciprocal and common both to the grantor and grantees alike, and both these parties must labor under the same erroneous conception in respect to the terms and conditions of the instrument. *Metropolitan Life Ins. Co. v. McClelland*, 57 Ida. 139, 63 P. (2d) 657;

*Itkin v. Jeffery, et ux.,* 126 Wash. 47, 216 Pac. 861; *Green v. Stone,* 54 N. J. Equity 387, 34 Atl. 1099; *Iby et ux. v. Wrisley,* 104 Vt. 148, 158 Atl. 67; *Kessinger v. Anderson, et ux.,* 31 Wash. (2d) 157, 196 P. (2d) 289; 45 Am. Jur., p. 618, §56; 19 Am. Jur., p. 77, §57; 53 C.J., p. 945, §60 (b).

Summarizing from the record, we find that E. Gladys Anderson was not a party to the contract of May 8, 1946; that no effectual attempt was made in preparing the deed executed on June 5, 1946, to convey the property described in said contract because the undisputed evidence is that the east forty acres of the Wilbur Smith property, lying north of 32nd avenue, included the twenty-two foot strip on the south of the northwest quarter of the northeast quarter of said section 29, title to which strip was subsequently acquired from the plaintiff upon the payment to her by defendant of the sum of $200; that there was a deviation from the contract of May 8, 1946, in that the taxes for the year 1946 were not prorated as therein provided but were assumed by defendant. We further find from the record that the title conveyed by the deed of June 5, 1946, was not a merchantable title as was stipulated in the contract of May 8, 1946, for therein we find the following: "except tract conveyed in book 379, at page 68"; and further that the conveyance was "subject to any apparent or obvious easement, such as roadway, telephone, telegraph, power lines, etc., and subject to public Roads, Highways and Ditches." We also find that plaintiff, in her contract of May 8, 1946, agreed to furnish an abstract of title to the property and that pursuant to this agreement she ordered and furnished such an abstract to the southwest quarter of the northeast quarter of said section 29; further, plaintiff had two surveys made of the southwest quarter of the northeast quarter of said section 29, and, upon becoming dissatisfied therewith, then had another survey made of forty acres in said southwest quarter of northeast quarter rather than

a survey of the east forty acres of the Wilbur Smith property lying north of 32nd avenue which, as we have said, would have included a strip twenty-two feet in width along the south side of the northwest quarter of the northeast quarter of said section 29. It also is to be noted that the first survey of the southwest quarter of the northeast quarter of said section 29 was made prior to February 11, 1947, and by it plaintiff was apprised of the fact that the strip in question on the westerly side thereof was included in her deed, and, subsequently, and on May 24, 1947, she was apprised of this fact by another surveyor, whose certificate bears that date. Nonetheless, with this information at hand, she, on the 5th day of June, 1947, accepted payment in full of the unpaid balance of the note secured by deed of trust to the southwest quarter of the northeast quarter of said section 29.

E. Gladys Anderson was not called as a witness; the relation between her and Carl E. Anderson, if any, is not disclosed by the record, and there is not a scintilla of evidence to establish that Carl E. Anderson was her agent in connection with the purchase of said southwest quarter of the northeast quarter, or that she had any knowledge whatever of the contract of May 8, 1946, or that E. Gladys Anderson had any knowledge of any prior negotiations between plaintiff and Carl E. Anderson for the purchase of the lands described in the deed of date June 5, 1946.

If we assume that a mistake, mutual as to plaintiff and Carl E. Anderson, actually existed, entitling plaintiff, as against Carl E. Anderson, to a reformation of the deed so that the strip on the westerly side of said southwest quarter of the northeast quarter was to be vested in plaintiff, this, nevertheless, could not disturb the title to this strip conveyed by plaintiff by her deed to E. Gladys Anderson for there is no evidence of any mutual mistake so far as she was concerned. It can readily be seen that such an assumption would result in

an analogous situation, to obviate which courts of equity have uniformly held that the mutual mistake necessary to the reformation of a deed must be reciprocal and common and must result in an erroneous conception of all of the parties thereto. Citations supra.

The evidence was conflicting. The trial court determined that plaintiff had not established a cause of action by clear, unequivocal and indubitable evidence, and entered judgment in defendant's favor, with which we agree. The judgment, accordingly, is affirmed.