In the Matter of the Compulsory Accounting of GRACE OSWALD, as Administratrix of the Estate of ELMER E. OSWALD, Deceased, Respondent. MANHASSET SCAVENGER Co., INC., et al., Respondents; PHILIP H. OSWALD, Appellant.— Appeal by the petitioner from an order of the Surrogate's Court, Nassau County, insofar as said order dismissed so much of a petition as sought an accounting by the administratrix of the estate of petitioner's son and the cancellation of two general releases executed by petitioner. Order, insofar as appealed from, reversed on the law and new hearing directed, with costs to abide the event. The Surrogate erroneously held as a matter of law that the evidence as to alleged misrepresentations by the attorney for the petitioner could not be considered in determining whether the general releases should be set aside. (*Pimpinello* v. *Swift & Co.*, 253 N. Y. 159; 5 Williston on Contracts [Rev. ed.], § 1488.) The Surrogate could have disbelieved the testimony of the petitioner that the attorney represented that the general releases did not cover the claims for rent and on the contract with the deceased. The admission by the petitioner that he had delivered the contract to the attorney and had discussed with him the amount of rent that could be recovered did not, as matter of law, establish that there was not at the time the general releases were executed a representation that they did not embrace such claims. If without negligence on his part, the petitioner by reason of misrepresentation as to what was covered by the general releases executed them, they are invalid. Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur.

WILLIAM KALFASS et al., Appellants, v. SKYSERVICE INCORPORATED, Respondent, et al., Defendants.— Action to recover damages for personal injuries sustained by plaintiffs as the result of the crash of an airplane which defendant Skyservice Incorporated had rented to defendant Johnson, and in which plane plaintiffs were passengers as guests of the latter. The action was discontinued as to defendant Johnson, and the court granted the corporate defendant's motion to dismiss the complaint at the close of the plaintiffs' case. Plaintiffs appeal from a judgment entered thereon. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Carswell, Adel, MacCrate and Beldock, JJ.