█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES SIMS, Appellant.—

█ In our opinion, there was insufficient proof of perjury; and in any event there was a complete absence of any factual showing that the District Attorney had any knowledge of the alleged perjury (cf. *People* v. *Oddo*, 300 N. Y. 649; *People* v. *Fanning*, 300 N. Y. 593; *People* v. *Mysholowsky*, 13 A D 2d 823). Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.

█ CHARLES P. RUSSO, Respondent, v. MICHAEL FRISCIA, Appellant.—

█ As a defense and counterclaim, the defendant alleged facts to support a claim for reformation and also for rescission of the contract. We shall assume that he did not make a sufficient showing as to the defense of and counterclaim for reformation (see, e.g., *Ross* v. *Food Specialties*, 6 N Y 2d 336, 341; *Metzger* v. *Ætna Ins. Co.*, 227 N. Y. 411, 417; but, cf. *Selmar Garage Corp.* v. *Rink Realty Corp.*, 276 App. Div. 786; *Susquehanna S. S. Co.* v. *Andersen & Co.*, 239 N. Y. 285, 297). Nevertheless, in an appropriate case, a unilateral mistake may justify rescission in equity (*Metzger* v. *Ætna Ins. Co.*, supra, pp. 411, 417), or may justify a court of equity in refusing specific performance (5 Williston, Contracts [rev. ed.], §§ 1577–1580; cf. *Johns-Manville Sales Corp.* v. *Stone*, 5 A D 2d 110, 114), even when the mistake was caused by the misrepresentation of the party's own attorney (see, e.g., *Pimpinello* v. *Swift & Co.*, 253 N. Y. 159; also, see, e.g., *Matter of Oswald*, 281 App. Div. 902). In our opinion, a trial should be had and the determination herein should be made by a court of equity upon the basis of all the proof adduced. Nolan, P. J., Ughetta, Pette and Brennan, JJ., concur; Beldock, J., concurs in the result.