492 P.2d 73 (1971)
Saed F. TAYYARA, Plaintiff-Appellee,
v.
Franklin O. STETSON and Mary E. Stetson, Defendants-Appellants.
No. 70-612.
Colorado Court of Appeals, Div. II.
November 23, 1971.
Rehearing Denied December 14, 1971.
Nicholas Magill, Steamboat Springs, for plaintiff-appellee.
Roger D. Borland, Steamboat Springs, for defendants-appellants.
Selected for Official Publication.
DWYER, Judge.
This appeal is from a judgment ordering specific performance of a contract for the sale of real estate. The principal defense to the action was that a parcel of property referred to as Lot 14 was included in the written contract by mistake contrary to the actual agreement of the parties.
The record discloses that the Stetsons, as sellers, and Tayyara, as buyer, executed a written contract dated March 10, 1970, providing for the sale of certain real property. At the time the contract was executed, Tayyara delivered to the Stetsons the sum of $2,000 as a down payment or deposit. The written contract included two parcels of property referred to as Lot 17 and Lot 14, respectively. However, by letter dated March 17, 1970, Franklin Stetson advised Tayyara's then attorney as follows:
"This will advise you that commitment for title insurance has heretofore been delivered to Mr. Tayyara in care of Art Boque for Lot 17, which is the only lot which is the subject matter of our agreement. In the event the sale is not concluded this date, I shall forfeit his deposit as provided in the contract."
Thereafter, upon the refusal of the Stetsons to convey title to Lot 14, Tayyara instituted this action seeking specific performance of the contract as written. The Stetsons in their answer affirmatively pleaded that Lot 14 was included in the written contract by reason of a clerical mistake and that its inclusion was contrary to the actual agreement of the parties. Trial was to the court which at the close of the evidence entered judgment in favor of the plaintiff on his claim for specific *74 performance and ordered the defendants to convey to the plaintiff title to both Lot 14 and Lot 17. It is from this judgment that the defendants bring this appeal.
The determinative question presented here is whether the trial court erred in excluding all evidence offered by the defendants relating to their affirmative defense of mistake. The trial court excluded such evidence on the basis that the defendants' attempt to declare a forfeiture of the plaintiff's down payment by the letter dated March 17, 1970, constituted an irrevocable election to affirm the contract as written. The trial court's ruling was as follows:
"The Defendants attempted to declare a forfeiture of the deposit money at a time when they had knowledge of the alleged mistake, and in so doing they relied upon and affirmed the contract. This constituted an irrevocable election, and the Defendants cannot now take the inconsistent position of disaffirmance, which is inherent in their pleaded defense of mistake and in their counterclaim to quiet title. A party cannot both affirm and at the same time disaffirm a contract or affirm it in part and disaffirm it in part."
It is generally held that a party cannot both affirm and disaffirm a contract or affirm it in part and disaffirm it in part, Gerbaz v. Hulsey, 132 Colo. 359, 288 P.2d 357. However, a party can seek reformation of an executory contract and in the same action seek enforcement of the actual agreement of the parties. Holter v. Cozad, 124 Colo. 428, 238 P.2d 190; Hill v. Stanolind Oil & Gas Co., 119 Colo. 477, 205 P.2d 643; see also 45 Am.Jur. Reformation of Instruments § 24. In the instant case, the letter in question clearly constituted an attempt on the part of the defendants to reform the written contract to what they alleged was the actual agreement of the parties and to enforce the contract as reformed. This position is not inconsistent with the position they took during the trial of the matter. Consequently, the trial court erred in ruling that the letter constituted an irrevocable election on the part of the defendants to affirm the contract as written and erred in not admitting the evidence offered by the defendants in support of their affirmative defense of mistake.
The judgment is reversed and remanded for a new trial.
COYTE and DUFFORD, JJ., concur.