521 P.2d 185 (1974)
Saed F. TAYYARA, Plaintiff-Appellee,
v.
Franklin O. STETSON and Mary E. Stetson, Defendants-Appellants.
No. 73-044.
Colorado Court of Appeals, Div. I.
February 13, 1974.
Rehearing Denied March 5, 1974.
*186 Nicholas Magill, Allen T. Ratcliffe, Jr., Steamboat Springs, for plaintiff-appellee.
*187 Roger D. Borland, Steamboat Springs, for defendants-appellants.
Not Selected for Official Publication.
SMITH, Judge.
On March 10, 1970, plaintiff and defendants entered into a contract for the purchase and sale of real property. The written contract provided for the sale to plaintiff of property owned by defendants described in the contract as:
"Lots 14 and 17, Matheson Addition to Valverdant in N½ SE¼ SW¼ NE¼, Section 16, Township 6 North, Range 84 West of the 6th P.M." (emphasis added).
On March 17, 1970, prior to the closing, defendant Frank Stetson advised plaintiff's attorney by letter as follows:
"This will advise you that commitment for title insurance has heretofore been delivered to Mr. Tayyara in care of Art Bogue for Lot 17, which is the only lot which is the subject matter of our agreement. In the event the sale is not concluded this date, I shall forfeit his deposit as provided in this contract."
After the date set for closing, and upon defendants' failure to perform the contract as written, plaintiff commenced proceedings against them, seeking specific performance of the contract. Defendants alleged in their answer, as an affirmative defense, that a mistake had been made in the preparation of the contract which led to the improper inclusion of Lot 14. Defendants also counterclaimed, seeking to have title to Lot 14 quieted in them as to any rights which might have arisen by virtue of the contract.
At the first trial to the court, all evidence offered by defendants relating to the alleged mistake in the execution of the agreement was excluded on the basis that the defendants' attempt to declare a forfeiture of plaintiff's down payment by the letter dated March 17, 1970, constituted an irrevocable election to affirm the contract as written. The trial court's ruling was as follows:
"The Defendants attempted to declare a forfeiture of the deposit money at a time when they had knowledge of the alleged mistake, and in so doing they relied upon and affirmed the contract. This constituted an irrevocable election, and the Defendants cannot now take the inconsistent position of disaffirmance, which is inherent in their pleaded defense of mistake and in their counterclaim to quiet title. A party cannot both affirm and at the same time disaffirm a contract or affirm it in part and disaffirm it in part."
Judgment was entered in favor of plaintiff, and defendants were ordered to comply with the written contract and to convey Lots 14 and 17 to plaintiff. Appeal from that judgment was taken to this court, and, in Tayyara v. Stetson, 30 Colo.App. 250, 492 P.2d 73, we held that the trial court erred in excluding the testimony relating to the alleged mistake. We there said, "the letter in question clearly constituted an attempt on the part of the defendants to reform the written contract to what they alleged was the actual agreement...." We concluded that defendants' position at trial was not inconsistent with that taken in the letter, that no election was required, and that upon retrial, evidence of the alleged mistake should be heard.
The supplemental record now before us discloses that there was conflicting testimony regarding negotiations entered into between defendants and plaintiffs prior to execution of the agreement. Defendants' witnesses testified that during the negotiations it was made clear to plaintiff that Lots 14 and 17 were being sold separately for different prices, and that the parties had agreed only upon sale of Lot 17 for $6,500. Plaintiff testified that both lots were to be sold for a total of $6,500. According to defendants, the inclusion of Lot 14 in the contract for sale occurred as follows: Defendants' attorney inserted "Lot 17", in pencil, on a standard form contract for sale, which form was handed to the attorney's *188 secretary with instructions that the full property description would be provided by defendant Frank Stetson. Stetson then gave the secretary a title commitment form which included a description for both Lots 14 and 17. The secretary copied the full description for both lots in the final typed agreement, and laid the contract on the attorney's desk. Defendant Frank Stetson and plaintiff took the copy from the desk while the attorney was with another client, and executed the agreement. Neither Stetson nor his attorney proofread the final agreement prior to execution.
Following retrial, the lower court again granted judgment in favor of plaintiff, and ordered compliance with the contract and conveyance of Lots 14 and 17 to plaintiff. The lower court, in its findings of fact and conclusions of law, determined that there had been no mutual mistake, and that defendants did not use reasonable diligence in reading the contract before signing it, and that reformation of the contract therefore should not be granted. Defendants are here on appeal from the judgment entered following retrial, and urge that the trial court erred in refusing to reform the contract, or, alternatively, in granting plaintiff's request for specific performance.
We note, first, that among the conclusions of law adopted by the trial court following retrial, there are several which are merely reiterations of conclusions we found to be erroneous on the first appeal in Tayyara v. Stetson, supra. We adhere to our opinion announced in that case, and would remind the trial court that conclusions reached upon a former appeal are res judicata as to the points decided and must be accepted as the law of the case. Allen v. Colorado Central R.R., 22 Colo. 238, 43 P. 1015; Wilson v. Bates, 21 Colo. 115, 40 P. 351. Questions determined on appeal become the law of the case as to subsequent proceedings and are binding on the trial court therein. Cache La Poudre Reservoir Co. v. Water Supply & Storage Co., 27 Colo. 532, 62 P. 420.

I
We agree, however, with the trial court's ultimate conclusion that this is an improper case for reformation of the contract on the basis of mutual mistake. It is axiomatic that a contract may be reformed where there has been a mutual mistake of material fact. This rule is based on the theory that where there has been an initial meeting of the minds, the substance of which has been incorrectly reduced to writing, a court of equity may reform the written contract to reflect the initial agreement of the parties, where to do otherwise would result in an injustice. See Smith v. Anderson, 121 Colo. 175, 214 P.2d 366. Where, however, there has been no initial meeting of the minds, the court will not speculate as to what agreements would have been reached and on that basis make a new contract for the parties. Smith v. Anderson, supra.
In the present case, the trial court found that there had been no mutual mistake of fact, and, in effect, also found that there was an agreement between the parties to purchase Lots 17 and 14. This finding is supported by plaintiff's testimony that he understood that both lots were to be sold for a total of $6,500. As we have often stated, the findings of the trial court, where supported by evidence, will not be disturbed by this court even though we might have reached a different conclusion had we been the trier of fact. Adler v. Adler, 167 Colo. 145, 445 P.2d 906. Because there was a finding of no mutual mistake, there is no basis upon which to reform the contract.

II
Defendants next urge that even if there were no mutual mistake, the trial court should have denied specific performance on the basis of the court's finding that there was a unilateral mistake on the part of defendants in including Lot 14 in the contract for sale. We disagree.
*189 It is true that a court of equity may refuse to grant a decree of specific performance where a unilateral mistake is material to the contract, and the enforcement of the written contract under the circumstances would be inequitable or a hardship on the defendant, Hatch v. Kizer, 140 Ill. 583, 30 N.E. 605; Kappelman v. Bowie, 201 Md. 86, 93 A.2d 266; Russo v. Friscia, 15 A.D.2d 516, 222 N.Y.S.2d 595, even though plaintiff is in no way responsible for the mistake and has no knowledge of it. Shell Oil Co. v. Boyer, 234 Or. 270, 381 P.2d 494. However, specific performance is proper where, as here, defendant's asserted unilateral mistake is the result of his own negligence or inexcusable neglect. Shell Oil Co. v. Boyer, supra.
Relying on Smith v. Anderson, supra, which dealt with the issue of mutual mistake in an action seeking reformation of a contract, the trial court concluded that the inclusion of Lot 14 in the contract was the result of defendants' failure to use due diligence in reading the contract before signing it. While this finding and conclusion were used by the trial court as a basis for denying defendants' prayer for reformation of the contract, we believe it is equally applicable where, as here, defendants seek to defeat plaintiff's claim for specific performance on the basis of defendants' unilateral mistake. This finding of defendants' negligence, which is supported by the record, was sufficient to justify the trial court's judgment decreeing specific performance even though the trial court assigned the wrong reason. See Klipfel v. Neill, 30 Colo.App. 428, 494 P.2d 115.
Judgment affirmed.
SILVERSTEIN, C. J., and RULAND, J., concur.