**TOTAL CONDOMINIUM MANAGE-
MENT, INC., Plaintiff-Appellant
and Cross-Appellee,**

v.

**LESTER J. LAMBERT & CO.,
Defendant-Appellee and
Cross-Appellant.**

**No. 83CA0220.**

Colorado Court of Appeals,
Div. 3.

Oct. 31, 1985.

Rehearings Denied Dec. 19, 1985.

Certiorari Denied March 17, 1986.

Walters & Theis, B. Lawrence Theis, Denver, for plaintiff-appellant and cross-appellee.

Girsh, Rottman and Bromberg, P.C., William L. Bromberg, Denver, for defendant-appellee and cross-appellant.

TURSI, Judge.

Plaintiff, Total Condominium Management, Inc. (TCM), appeals from a judgment denying its claim in rescission and in favor of defendant, Lester J. Lambert & Co. (Lambert), on its counterclaim. The trial court held that TCM had breached its contract with Lambert and awarded money damages in the full amount due under the contract but denied attorney fees to either

party. We affirm in part and reverse in part.

TCM is engaged in the business of resort property management. Lambert is in the business of renting condominiums as vacation homes and in the sale of computer software.

TCM and Lambert negotiated a contract in which Lambert was to provide a computer software package tailored to fit the needs of TCM. The contract, a software lease agreement, provided that a total price of $33,000 was to be paid to Lambert. This price included an $11,000 down payment. Lambert's obligation was to provide TCM with the appropriate software package for a period of three years. At the end of this period, TCM had the option of purchasing the software.

The lease agreement also includes a provision with regard to litigation. This provision reads:

"In the event of any court adjudicated litigation, it is the intention of the parties that the total legal fees shall be *borne by the prevailing party* and punitive damages shall be waived." (emphasis added)

After the initial installation of the software, Lambert began modifying the system to meet TCM's needs, and, as part of that modification, Lambert requested TCM to "load" certain information into its computer. The loading of this information was necessary before Lambert could proceed with further modifications.

However, because of a dispute between TCM and one of its employees involved with the operation of the computer, none of the information requested by Lambert was loaded into TCM's computer. Because this information was not loaded, Lambert was unable to complete the modification of the software package.

TCM contends that the trial court erred in awarding the full contract price as the measure of Lambert's damages and in failing to require Lambert to pay the legal fees of TCM pursuant to the clear language of the lease agreement. We agree that the full contract price is not the proper measure of the damages due Lambert. However, we disagree with the contention that Lambert is liable for TCM's legal fees.

Initially, we note that the record contains ample evidence to support the trial court's findings that TCM breached the lease agreement and was liable to Lambert; therefore, those findings are binding on appeal. *Allred v. Lininger*, 156 Colo. 341, 398 P.2d 967 (1965).

■ Generally, the measure of damages for breach of contract is that sum which places the nondefaulting party in the position that party would have enjoyed had the breach not occurred. *H.M.O. Systems, Inc. v. Choicecare Health Services, Inc.*, 665 P.2d 635 (Colo.App.1983). Therefore, Lambert is entitled to the benefit of the bargain, which includes net profit and actual costs incurred in performance of the contract.

In this case, the trial court awarded Lambert the full amount remaining due and payable under the contract. The court did not, however, consider costs or expenses Lambert avoided by not performing the remainder of its obligations.

"[T]he measure of damages for a breach of contract is the loss in value to the injured party less any costs or other loss that the injured party has avoided by not performing the contract." *Combined Communications Corp. v. Bedford Motors, Inc.*, 702 P.2d 281 (Colo.App.1985). Consequently, Lambert is not entitled to the full cost of performance; rather, it is entitled to only that portion actually incurred. Thus, Lambert's contracted for net profit, together with its actual expenditures reasonably and necessarily incurred, equals the proper measure of damages.

■ TCM also argues that the trial court erred by not enforcing the attorney fees provision as written in the lease agreement. We disagree.

The trial court found, based upon competent evidence, that the language in the legal fees provision stating that the legal fees would be *borne* by the prevailing party was the result of mutual mistake. *See*

**148**

*Smith v. Anderson,* 121 Colo. 175, 214 P.2d 366 (1950); *see also Tayyara v. Stetson,* 521 P.2d 185 (Colo.App.1974) (not selected for official publication). In addition to the mutual mistake, the trial court concluded that there was no agreement between the parties with regard to legal fees. Accordingly, there being no agreement concerning attorney fees, the trial court properly declined to impose TCM's attorney fees on Lambert. *See Beebe v. Pierce,* 185 Colo. 34, 521 P.2d 1263 (1974).

The judgment of the trial court is affirmed in all respects except as to the amount of damages awarded; that part of the judgment is reversed, and the cause is remanded with directions to make the determinations necessary to award the proper amount of damages.

BERMAN and METZGER, JJ., concur.